RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0022P (6th Cir.)
File Name: 02a0022p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
       *Plaintiff-Appellant,*

    *v.*

JUAN EZEQUIEL GONZALES-
VELA,

       *Defendant-Appellee.*

No. 00-5417

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 99-00092—Karl S. Forester, Chief District Judge.

Submitted: October 26, 2001

Decided and Filed: November 21, 2001[*]

Before: MERRITT and DAUGHTREY, Circuit Judges;
WELLS, District Judge.[**]

_____

[*] This decision was originally issued as an "unpublished decision" filed on November 21, 2001. On January 7, 2002, the court designated the opinion as one recommended for full-text publication.

[**] The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

———————————

**COUNSEL**

**ON BRIEF:** Charles P. Wisdom, Jr., David A. Marye, ASSISTANT UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellant.  C. William Swinford, Jr., Lexington, Kentucky, for Appellee.

DAUGHTREY, J., delivered the opinion of the court, in which WELLS, D. J., joined.  MERRITT, J. (p. 9), delivered a separate dissenting opinion.

———————————

**OPINION**

———————————

MARTHA CRAIG DAUGHTREY, Circuit Judge. Following his plea of guilty to the charge of illegal re-entry into the United States, the defendant, Juan Ezequiel Gonzales-Vela, was sentenced to a prison term of 21 months.  The government now contends that the district court erred in failing to add 16 levels to the defendant's base offense level because, according to the prosecution, the defendant's prior conviction for sexual abuse of a minor, although a misdemeanor under Kentucky law, should still be treated as an "aggravated felony" for purposes of federal sentencing and result in a more substantial prison term.  Despite the overt linguistic inconsistency in the government's argument, we agree.  We thus vacate the defendant's sentence and remand the case to the district court for resentencing.

**I.**

On April 6, 1997, Gonzales-Vela was arrested on criminal complaints alleging that he had, in 1994, touched a five-year-old and a seven-year-old girl in their vaginal areas.  Although he was charged with first degree sexual abuse under applicable Kentucky law, the defendant later pleaded guilty to amended charges of second degree sexual abuse, a

misdemeanor in Kentucky. *See* K.R.S. § 510.120. As such, he was subject to a sentence of no greater than 12 months' imprisonment, *see* K.R.S. § 532.090(1), and was directed to serve only the 60 days he had already been incarcerated for the crimes.

Subsequently, the United States government deported the defendant. On September 13, 1999, however, Gonzales-Vela was again arrested in Kentucky, this time for assault, and was also indicted by a federal grand jury for illegal reentry into the country. He chose to enter a plea of guilty to the federal charge and proceeded to sentencing, where the government asserted that the defendant's base offense level of 8, *see* U.S. SENTENCING MANUAL § 2L1.2(a) (1998), should be increased 16 levels because Gonzales-Vela's prior conviction that led to his deportation (sexual abuse of a minor) was an "aggravated felony" under applicable federal law. *See* U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A) (1998). The defendant strenuously protested, arguing that his Kentucky conviction for sexual abuse of a minor was a misdemeanor and, therefore, could not be considered a "felony," whether aggravated or not.

The district court concurred in Gonzales-Vela's interpretation of the sentencing laws and thus increased the defendant's base offense level only four levels because of the defendant's numerous prior misdemeanor convictions. *See* U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(B) (1998). After crediting Gonzales-Vela with a two-level reduction for acceptance of responsibility, the district judge sentenced the defendant as a criminal history category V, level 10 offender to 21 months in prison, the low end of the applicable 21-27 month sentencing range.[1] From that determination, the government now appeals.

---

[1] Had the 16-level enhancement been applied, the government would have agreed to a three-level departure for acceptance of responsibility, thus subjecting the defendant to a sentencing range of 70-87 months.

## II.

In sentencing the defendant, the district court appropriately referenced the guideline provisions of § 2L1.2 and initially applied the provision's base offense level of 8.  Subsection (b)(1) of that directive, however, mandates:

> If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows (if more than one applies, use the greater):
>
> (A)   If the conviction was for an aggravated felony, increase by **16** levels.
>
> (B)  If the conviction was for (i) any other felony, or (ii) three or more misdemeanor crimes of violence or misdemeanor controlled substance offenses, increase by **4** levels.

U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b) (1998).

While the commentary to the guideline section defines a "felony offense" as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year," U.S. SENTENCING GUIDELINES MANUAL § 2L1.2, cmt. n.1 (1998), that same commentary merely references the provisions of 8 U.S.C. § 1101(a)(43) for the definition of the term "aggravated felony."   *See id.*  As explained by the Eleventh Circuit in *United States v. Padilla-Reyes*, 247 F.3d 1158, 1162 (11th Cir.), *cert. denied*, 2001 WL 877297 (Oct. 1, 2001):

> As it now stands, § 1101(a)(43) contains twenty-one categories of offenses. 8 U.S.C. § 1101(a)(43). Some of these are qualified by reference to other statutory provisions or by additional sentencing requirements. *See*, *e.g.* § 1101(a)(43)(B) (including "illicit trafficking in a controlled substance (as defined in section 802 of Title 21)" as an aggravated felony); § 1101(a)(43)(G)

––––––––––––––

### DISSENT

––––––––––––––

MERRITT, Circuit Judge, dissenting.  The issue that is now before our Court in this case was decided by the Second Circuit in *United States v. Pacheco*, 225 F.3d 148 (2d Cir. 2000), a two-to-one decision in which Judge Straub dissented. I agree with Judge Straub's dissenting opinion found at 225 F.3d 157.  Calling a "misdemeanor" an "aggravated felony" is simply too much for me.  It is by no means clear that this is what the legislative branch intended, and hence the rule of lenity in criminal cases ought to prevail.

situations such as this only because Congress's power over immigration matters and aliens is one of the broadest known at law, and because, in the amendments to the Immigration and Nationality Act, Congress specifically defined "aggravated felonies" to include, without limitation imposed by state penal principles, the crime of sexual abuse of a minor. Consequently, as long as a defendant's former conviction leading to deportation can legitimately be termed "sexual abuse of a minor," that act must be considered an "aggravated felony" *for immigration law purposes*, regardless of a state designation as either a felony or misdemeanor. *See United States v. Martinez-Carillo*, 250 F.3d 1101, 1103-04 (7th Cir.), *cert. denied*, 2001 WL 914873 (Oct. 1, 2001) (noting that because state definitions vary so widely, how states classify crimes is not determinative for purposes of federal legislation (citing *Hernandez-Mancilla v. INS*, 246 F.3d 1002, 1004-05 (7th Cir. 2001)). Here, Gonzales-Vela does not credibly suggest that his 1997 conviction was for anything other than for the "sexual abuse of a minor." Federal law may thus treat that state judgment as an "aggravated felony," and may subject the defendant to later harsher sentencing upon his conviction for the federal transgression of illegal reentry into the United States without the authorization of the Attorney General.

## III.

Because Congress is empowered to define the term "aggravated felony" in the immigration laws in such a manner as to include even state-denominated misdemeanors, the district judge erred in refusing to apply the provisions of § 2L1.2(b)(1)(A) of the sentencing guidelines in setting an appropriate period of incarceration for Gonzales-Vela. We thus VACATE the defendant's sentence and REMAND this matter to the district court for resentencing.

(including "a theft offense . . . for which the term of imprisonment [sic] at least one year" as an aggravated felony). The "sexual abuse of a minor" subsection, § 1101(a)(43)(A), is not qualified by reference to other statutory provisions or by sentencing requirements, and reads, starting with the heading, "(43) The term 'aggravated felony' means – (A) murder, rape, or sexual abuse of a minor; . . . ." *Id.* § 1101(a)(43)(A).

Before this court on appeal, Gonzales-Vela only half-heartedly argues that the acts to which he pleaded guilty in 1997 do not constitute "sexual abuse of a minor." Because the applicable Kentucky statute under which he was convicted outlaws both sexual abuse of a minor and sexual abuse of a mentally retarded or incapacitated person, *see* K.R.S. §§ 510.120(1)(a) and (b), Gonzales-Vela contends that the evidence does not establish whether he was actually charged and convicted for an offense against a minor. The defendant, however, despite explicit reference in the presentence report to the crime of sexual abuse of a minor, never objected to that portion of the report. In such instances, a defendant will not be heard to raise that challenge for the first time on appeal, absent plain error. *See*, *e.g.*, *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998). No error was committed in this regard in sentencing the defendant as if he had been convicted of sexual abuse of a minor. Absolutely no evidence was offered by anyone to contradict the only explication of the applicable facts, a despicable sexual touching of a five-year-old girl and of a seven-year-old girl.

Alternatively, Gonzales-Vela maintains simply that the Kentucky offense for which he was convicted is, by definition, only a misdemeanor and cannot, therefore, be mysteriously transformed into not only a felony, but an "aggravated felony," for federal sentencing purposes. As expressed more colorfully by Judge Straub, dissenting in a Second Circuit case, *United States v. Pacheco*, 225 F.3d 148, 157 (2d Cir. 2000) (Straub, J., dissenting), *cert. denied*, 121 S.Ct. 2246 (2001):

[I]t is quite clear that "aggravated felony" defines a subset of the broader category "felony." Common sense and standard English grammar dictate that when an adjective – such as "aggravated" – modifies a noun – such as "felony" – the combination of the terms delineates a subset of the noun. One would never suggest, for example, that by adding the adjective "blue" to the noun "car," one could be attempting to define items that are not, in the first instance, cars. In other words, based on the plain meaning of the terms "aggravated" and "felony," we should presume that the specifics that follow in the definition of "aggravated felony" under INA [Immigration and Naturalization Act] § 101(a)(43) serve to elucidate what makes these particular felonies "aggravated"; we certainly should not presume that those specifics would include offenses that are not felonies *at all*.

(Footnote omitted.)

Nevertheless, other courts, realizing the plenary power vested in Congress to "establish an uniform Rule of Naturalization," U.S. CONST. art I, § 8, cl. 4, have deferred to the plain language of the Immigration and Nationality Act to determine the extent of the concept of an "aggravated felony." *See Guerrero-Perez v. INS*, 242 F.3d 727, 735 (7th Cir. 2001) ("we must respect that 'over no conceivable subject is the legislative power of Congress more complete than it is over the admission of aliens'") (citation omitted)). As noted by those sister circuits, Congress did *not* leave open the question of what acts constitute an "aggravated felony" for purposes of the immigration statutes. Rather:

Congress said, "The term 'aggravated felony' means—. . ." and proceeded to list what crimes would be considered aggravated felonies. It is important to note that the term aggravated felony is placed within quotation marks and congress then used the word "means" after this term. What is evident from the setting aside of aggravated felony with quotation marks and the use of

the term "means" is that 8 U.S.C. § 1101(a)(43) serves as a definition section. . . . Congress had the discretion to use whatever term it pleased and define the term as it deemed appropriate. . . . There is no explicit provision in the statute directing that the term "aggravated felony" is limited only to felony crimes. . . . We therefore are constrained to conclude that Congress, since it did not specifically articulate that aggravated felonies cannot be misdemeanors, intended to have the term aggravated felony apply to the broad range of crimes listed in the statute, even if these include misdemeanors.

*Id.* at 736-37 (citations omitted). Similarly, federal courts have concluded that Congress was defining a term of art, "aggravated felony," and "[a]lthough Congress apparently did not notice that it might be breaking the time-honored line between felonies and misdemeanors, Congress had the power to define the punishment for the crime of re-entering the United States after deportation." *United States v. Christopher*, 239 F.3d 1191, 1194 (11th Cir.), *cert. denied*, 2001 WL 717391 (Oct. 1, 2001). *See also United States v. Graham*, 169 F.3d 787 (3d Cir.), *cert. denied*, 528 U.S. 845 (1999). As noted in *United States v. Marin-Navarette*, 244 F.3d 1284, 1286 (11th Cir.), *cert. denied*, 2001 WL 1002844 (Oct. 1, 2001):

Congress made its intent clear by enacting the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") to specifically include within the meaning of "aggravated felony" sexual abuse of a minor and by not linking such a conviction to any term of imprisonment. By adding sexual abuse of a minor to the definition of "aggravated felony" without any reference to a term of imprisonment, Congress broadened the coverage of the "aggravated felony" classification.

Agreement with the position espoused by the government in this case does not necessarily justify ignoring established linguistic interpretations and common-law traditions in other contexts. Indeed, such a result is permissible in limited