**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eduardo RAMIREZ–CAYETAMO,**
**Defendant–Appellant.**

No. 02–5435.

United States Court of Appeals,
Sixth Circuit.

Jan. 27, 2003.

Before GUY and MOORE, Circuit Judges; and BECKWITH, District Judge.*

---

### ORDER

Eduardo Ramirez–Cayetamo pleaded guilty to illegally reentering the United States after a previous deportation, in violation of 8 U.S.C. § 1326(a) and (b). On March 6, 2002, the district court sentenced him to eighteen months of imprisonment and two years of supervised release. It is from this judgment that Ramirez–Cayetamo now appeals. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

We generally review the sentencing court's legal conclusions *de novo,* while examining its factual findings for clear error. *United States v. Henderson,* 209 F.3d 614, 617 (6th Cir.2000).

Ramirez–Cayetamo's offense level was calculated under USSG § 2L1.2, which assigns an initial base offense level of 8 to a defendant who has been convicted of unlawful entry. That level is increased by 8 if he previously was deported or unlawfully remained in the United States after being convicted of "an aggravated felony" USSG § 2L1.2(b)(1)(C) (2001). The district court properly applied this guideline, as it is undisputed that Ramirez–Cayetamo was deported after being convicted in state court of receiving stolen property and sentenced to twelve months in jail.

Ramirez–Cayetamo now argues that § 2L1.2(b)(1)(C) was not applicable because his prior state conviction did not expose him to a sentence "exceeding one year" and, thus, would not be a felony under USSG § 2L1.2, comment. (n.1(B)(iv)). This argument is unavailing because a "felony" and an "aggravated felony" are defined separately under § 2L1.2. In particular, USSG § 2L1.2, comment. (n.2) now defines an aggravated felony by reference to 8 U.S.C. § 1101(a)(43). That statute describes an aggravated felony in pertinent part as follows:

> (43) The term "aggravated felony" means ... (G) a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] *at least one year;* ...

8 U.S.C. § 1101(a)(43)(G) (emphasis added) (footnote omitted).

Ramirez–Cayetamo's prior state sentence of twelve months is a sentence of "at least one year," as required by § 1101(a)(43)(G). *See Drakes v. Zimski,* 240 F.3d 246, 251 (3d Cir.2001); *United States v. Christopher,* 239 F.3d 1191, 1193 (11th Cir.2001). Hence, the district court properly determined that he had committed an aggravated felony within the meaning of USSG § 2L1.2(b)(1)(C). *See United States v. Gonzales–Vela,* 276 F.3d 763, 766–68 (6th Cir.2001); *Christopher,* 239 F.3d at 1193–94.

Accordingly, the district court's judgment is affirmed.

---

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.