**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rafael PEREZ–VELASQUEZ,**
**Defendant–Appellant.**

No. 02–1701.

United States Court of Appeals,
Sixth Circuit.

June 17, 2003.

Before: NELSON, BOGGS, and COLE, Circuit Judges.

DAVID A. NELSON, Circuit Judge.

This is a sentencing appeal in which the sole question presented is whether a prior conviction for statutory rape qualifies as a "crime of violence" under the federal sentencing guideline that governs offense-level enhancements. As did the district court, we conclude that the question must be answered in the affirmative.

## I

The defendant, Mexican citizen Rafael Perez–Velasquez, entered the United States illegally in 1991. In October of 2000, Mr. Perez–Velasquez was convicted of statutory rape under the law of Tennessee. In December of that year an immigration judge ordered him excluded from this country.

Shortly thereafter, Mr. Perez–Velasquez again entered the U.S. illegally. On November 14, 2001, he was arrested by agents of the United States Border Patrol while attempting to cross into Canada. Indicted on a charge of re-entry after deportation in violation of 8 U.S.C. § 1326(a), he pleaded guilty.

At sentencing, over Mr. Perez–Velasquez's objection, the district court accepted a probation officer's recommendation that the defendant's offense level under the guidelines be increased by 16 levels because of the statutory rape conviction. This produced a guideline range of 70–87 months' imprisonment, and the court imposed a sentence at the bottom of that range. The present appeal, which is timely, followed.

## II

U.S.S.G. § 2L1.2 mandates a 16–level enhancement for aliens unlawfully in the United States after deportation following a conviction for a "crime of violence." The current version of § 2L1.2 reflects an amendment to the sentencing guidelines that became effective in 2001. Previously, a "crime of violence" was defined in § 4B1.2 as an offense including physical force as an element, or an offense within a brief list of enumerated crimes, or an offense involving conduct presenting a "serious potential risk of physical injury to another." With the amendment, however, the definition of "crime of violence" for purposes of § 2L1.2 was revised to provide as follows:

"(ii) 'Crime of violence'—

I. means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; *and*

II. includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." U.S.S.G. § 2L1.2, Application Note (1)(B)(ii)(emphasis added).

The defendant advances two arguments in support of the proposition that his statutory rape conviction is not covered by this definition. First, he interprets the "and" between parts I and II as establishing a requirement that *both* parts be satisfied. The use of the conjunctive, he suggests, means that the enumerated crimes are considered crimes of violence only when they include force as an element. Second, he argues that the placement of the parenthetical immediately after "forcible sex offenses" indicates that sexual abuse of a minor only satisfies part II if it is "forcible." Mr. Perez–Velasquez points out that the Tennessee law he violated did not make force an element of the offense.

The district court rejected both arguments. While acknowledging the "superficial appeal" of the defendant's first point, the court noted that the enumeration of crimes in part II would be mere surplusage under the defendant's reading. Instead, the court interpreted the guideline as providing that a crime of violence is one having force as an element and, in addition, is any of the crimes enumerated in part II whether or not the crime includes an element of force. As to the parenthetical reference to sexual abuse of a minor, the court observed that since a minor cannot give legal consent to sexual intercourse, that type of sexual abuse of a minor would involve force even where the minor purported to consent.

Recent decisions from other circuits support the district court's resolution of the issue. See *United States v. Alvarenga–Silva*, 324 F.3d 884, 886–87 (7th Cir.2003); *United States v. Fuentes–Rivera*, 323 F.3d 869, 872 (11th Cir.2003); *United States v. Gomez–Hernandez*, 300 F.3d 974, 978–79 (8th Cir.2002); and *United States v. Rayo–Valdez*, 302 F.3d 314, 319–20 (5th Cir. 2002). We agree with the conclusion reached in those cases.

The most reasonable interpretation of the Commission's language, it seems to us, is that part II both illustrates and expands the class of offenses delineated in part I. Among other things, we believe, part II equates all "sexual abuse of a minor" with "forcible sex offenses" and also sweeps in at least one other crime that may not entail the use of force—*i.e.*, burglary of a dwelling.[1] But if we are wrong in this (if, for example, indecent exposure in the presence of a minor is not a "forcible sex offense"), it makes no difference in the case before us—for we agree with the district court that sexual penetration of a minor without legally cognizable consent is necessarily "forcible."

**AFFIRMED.**

---

1. Our interpretation is consistent with a clarifying amendment to § 2L1.2 recently proposed by the Sentencing Commission. See 2003 Proposed Amendments to the Sentencing Guidelines, § 2L1.2, Application Note (1)(B)(iii), *available at* http://www.USSC.gov/2003guid/2003amend-ments.pdf. Under the amendment, both "statutory rape" and "sexual abuse of a minor"—without regard to any use of force—would be explicitly included within the definition of a "crime of violence." Unless modified or rejected by Congress, the amendment will take effect on November 1, 2003.

COLE, Circuit Judge, concurring.

Although I agree with the majority that subsections I and II of the definition of "crime of violence" set out in Application Note 1 to Guideline § 2L1.2 do not form a two-part test, I write separately to state my belief that the plain language of the provision at issue here is, at best, ambiguous. In contrast to the majority's view of its meaning, the use, in subsection II, of a parenthetical immediately after "forcible sexual offenses" followed by the words "including sexual abuse of a minor" suggests to me that "sexual abuse of a minor" is a subcategory of "forcible sexual offenses." Under this reading, crimes that involve "sexual abuse of a minor" will only satisfy subsection II if they are also "forcible sexual offenses." Unlike the majority, I am not convinced that statutory rape is a "forcible" sexual offense–none of its elements require proof of the use of force. Insofar as the plain language of § 2L1.2 is ambiguous, we must look, as the majority does, to other evidence of the Sentencing Commission's intent. Although the history of the provision is not illuminating on this particular issue, the clarifying amendment to § 2L1.2, cited by the majority, is clear evidence of the Sentencing Commission's intention that statutory rape be considered a "crime of violence." For this reason, I concur in the result reached by the majority.