**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0816n.06
Filed: October 5, 2005

No. 04-6221

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| BOBBY DEWAYNE WILCOX, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
|                         | ) | |

**Before: DAUGHTREY, MOORE, and MCKEAGUE, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Plaintiff-Appellant Bobby Dewayne Wilcox

("Wilcox") appeals his sentence for being a felon in possession of a firearm in violation of 18 U.S.C.

§ 922(g). The district court determined that Wilcox had three prior convictions for a "violent

felony" within the meaning of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B),

and accordingly sentenced Wilcox to the ACCA statutory minimum of 180 months of imprisonment.

We **VACATE** the sentence imposed by the district court and remand the case for resentencing in

accordance with *United States v. Sawyers*, 409 F.3d 732 (6th Cir. 2005), *Shepard v. United States*,

125 S. Ct. 1254 (2005), and *United States v. Booker*, 125 S. Ct. 738 (2005).

## I. BACKGROUND

On August 24, 2003, an officer of the Tennessee Wildlife Resources Agency found Wilcox

carrying a shotgun and ammunition while walking toward his truck. As Wilcox did not have a

hunting license or a valid driver license, he was placed under arrest. After a check of Wilcox revealed that he was a convicted felon, the Bureau of Alcohol, Tobacco, and Firearms ("ATF") examined the shotgun and determined that it had not been manufactured in Tennessee and had accordingly traveled in interstate or foreign commerce. A federal grand jury indicted Wilcox for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and Wilcox entered a guilty plea.

Wilcox was sentenced after *Blakely v. Washington*, 542 U.S. 296 (2004), but before *Booker*, *Shepard*, and *Sawyers*.[1] In addition to his *Blakely* arguments,[2] Wilcox argued that it would be erroneous even under the pre-*Blakely* law to count his statutory rape conviction as a violent felony under the ACCA. The district court disagreed. As this reading of the ACCA required that Wilcox be sentenced to a statutory minimum of "not less than 15 years" of imprisonment, 18 U.S.C. § 924(e)(1), the district court determined that it was unnecessary to resolve Wilcox's other sentencing objections. J.A. at 35 (Sentencing Hr'g at 22). Wilcox now appeals his 180-month sentence, relying on *Booker, Shepard*, and *Sawyers*.

---

[1]Absent consideration of the ACCA, Wilcox would have been sentenced at Offense Level 17, and either Criminal History Category III or IV. J.A. at 24, 29 (Sentencing Hr'g at 4, 9). At Criminal History Category III, this would have resulted in a guidelines sentencing range of 30-37 months. At Criminal History Category IV, this would have resulted in a guidelines sentencing range of 37-46 months.

[2]Relying on *Blakely*, Wilcox asserted that he could not be sentenced as an armed career criminal as it had neither been admitted by him nor proved to a jury beyond a reasonable doubt that his prior conviction for statutory rape qualified as a violent felony under the ACCA. Although Wilcox also raised this argument on appeal, it is foreclosed by circuit precedent. *See United States v. Barnett*, 398 F.3d 516, 524 (6th Cir. 2005).

## II. ANALYSIS

The primary issue in this appeal is whether Wilcox's conviction for statutory rape should qualify as a "violent felony" for purposes of the ACCA.[3] According to the Pre-Sentence Report ("PSR"), Wilcox pleaded guilty to the Tennessee crimes of aggravated rape, statutory rape, and sexual battery on February 19, 1992. J.A. at 45 (PSR at 7).[4] At sentencing, Wilcox conceded that the aggravated rape conviction and the sexual battery conviction did constitute violent felonies for purposes of the ACCA, but argued that his statutory rape conviction did not. J.A. at 28 (Sentencing Hr'g at 8).[5] The district court relied on our unpublished opinion in *United States v. Perez-Velasquez*, 67 F. App'x 890 (6th Cir. June 17, 2003), to hold that Wilcox's statutory rape conviction qualified as a crime of violence for purposes of the ACCA. The *Perez-Velasquez* court had concluded that "sexual penetration of a minor without legally cognizable consent is necessarily 'forcible,'" and

---

[3]The ACCA defines "violent felony" as:
   any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that —
   >(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
   >(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .
18 U.S.C. § 924(e)(2)(B).

[4]The statutory rape offense took place in August 1991 — shortly after Wilcox's nineteenth birthday on July 1, 1991, *see* J.A. at 40 (PSR at 2) — when Wilcox "sexually penetrat[ed]" a fourteen-year-old female. J.A. at 45 (PSR at 7). The PSR indicates that Wilcox pleaded guilty to an indictment that specifically charged the age of the female, but the indictment itself and the factual basis for the plea are not included in the Joint Appendix.

[5]Wilcox now contends that the district court plainly erred in counting his sexual battery conviction as a violent felony. Wilcox Br. at 27-29. As we are remanding this case for resentencing, Wilcox may now make this argument in the first instance in the district court.

statutory rape accordingly qualified as a "crime of violence" for purposes of U.S.S.G. § 2L1.2. *Id.*

at 892. Following *Perez-Velasquez*, the district court noted:

> The next issue has to do with whether or not the statutory rape conviction can be used as a crime of violence which triggers armed career criminal status in this case. The defendant's position, at first blush, appears to have some merit. The district court in *Perez-Velasquez* noted that at first blush there is some potential merit to defendant's position. And that is, since statutory rape does not include as an element the use of force, then it cannot be a crime of violence.
>
> But the district court in *Perez* and the Sixth Circuit in the appeal of that same case rejected that argument, and the Court of Appeals stated that while acknowledging the superficial appeal at this point that — the court went on to find that since a minor can't give legal consent to sexual intercourse, then even, quote, consensual sex with a minor involves force.
>
> And even though that is an unreported opinion, it is an opinion of the Sixth Circuit directly on point to the issue that is before the court. It seems to me that that ruling not only is correct, it is the law of the circuit, even though it's a nonpublished opinion. And I am compelled to agree that even if the minor purported to give consent, since a minor cannot give consent, then any purported consent is invalid. And if you take consent out of the statutory rape, or take consent out of sexual intercourse, then what you end up with is a crime of violence.
>
> So the court concludes that the rule of *Perez-Velasquez* is, in fact, the law of the circuit and that I'm obligated to follow that; and, therefore, the probation officer has correctly recommended that armed career criminal status does apply in this case.

J.A. at 34-35 (Sentencing Hr'g at 21-22).

4

After Wilcox's proof brief was filed in this appeal, the Supreme Court issued its decisions in *Booker* and *Shepard*[6] and we issued our decision in *Sawyers*.[7] In *Sawyers*, we analyzed the Tennessee statutory rape statute — the same statute at issue in the present appeal[8] — and concluded that violation of this statute did not necessarily qualify as a crime of violence under the ACCA. *Sawyers*, 409 F.3d at 742. Specifically, we noted that the Tennessee crime of statutory rape, which can consist of "consensual sex between a 17 year old and a 21 year old," *id.* at 741, did not involve the same risk of physical injury as other crimes which we had held to qualify as crimes of violence. *Id*. at 741-42. In other words, we explained that "statutory rape statutes that include more mature victims and do not contain aggravating factors are not subject to the strict categorical analysis articulated in *Taylor* [*v. United States*, 495 U.S. 575 (1990)]." *Id*. at 742. Accordingly, the district court erred in applying *Taylor*'s categorical approach to conclude that Wilcox's statutory rape conviction necessarily qualified as a violent felony for purposes of the ACCA.

---

[6]In *Shepard*, the Supreme Court determined that when a defendant had pleaded guilty to a form of burglary, the range of documents that could be considered in determining whether the burglary conviction qualified as a predicate offense under the ACCA "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *United States v. Shepard*, 125 S. Ct. 1254, 1263 (2005).

[7]On April 18, 2005, we received a letter from Wilcox pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, calling our attention to *Booker*, 125 S. Ct. 738 (2005), *Shepard*, and *United States v. Milan*, 398 F.3d 445 (6th Cir. 2005). On July 11, 2005, we received a Rule 28(j) letter from Wilcox's counsel calling our attention to *United States v. Sawyers*, 409 F.3d 732 (6th Cir. 2005).

[8]The Tennessee statutory rape statute reads, in pertinent part:
Statutory rape is sexual penetration of a victim by the defendant or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least four (4) years older than the victim.
TENN. CODE ANN. § 39-13-506(a).

5

In *Sawyers*, we noted that in light of the Supreme Court's recent decision in *Shepard v. United States*, 125 S. Ct. 1254 (2005), the correct approach was to remand the case "for the district court to consider, along with the statutory definition, the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *Sawyers*, 409 F.3d at 742 (quoting *Shepard*, 125 S. at 1257). We believe that approach is also correct in the present case, as our decision in *Sawyers* requires consideration of documents not included in the Joint Appendix, and likely not yet part of the district court record.

### III. CONCLUSION

We **VACATE** the sentence imposed by the district court and remand the case for resentencing in accordance with this opinion and *Sawyers*, *Shepard*, and *Booker*.