**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0903n.06
Filed: November 17, 2005

**No. 04-1743**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Miguel A. Rojas-Carillo, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:     **DAUGHTREY, COLE, Circuit Judges; BARZILAY, Judge.**[*]

**R. GUY COLE, JR., Circuit Judge.** Defendant-Appellant Miguel A. Rojas-Carillo was

deported in November of 2002, following a conviction for fourth degree "criminal sexual conduct"

in a Michigan state court. He reentered the United States, was discovered, and pleaded guilty to

illegal reentry. He appeals the resulting sentence on two grounds. First, Rojas-Carillo contends that

the district court erred in characterizing his Michigan conviction as an aggravated felony or a crime

of violence for sentencing purposes. Second, Rojas-Carillo contends that the district court violated

the Sixth Amendment by treating the United States Sentencing Guidelines (the "Guidelines") as

mandatory. For the reasons that follow, we affirm the sentence of the district court.

---

[*]The Honorable Judith M. Barzilay, Judge of the United States Court of International Trade, sitting by designation.

I.

Rojas-Carillo was 19 years old when, on August 29, 2002, he was arrested in Michigan in connection with a sexual encounter involving a 14-year-old girl. He was charged with "criminal sexual conduct" in the third and fourth degree by the state of Michigan. In the third degree, criminal sexual conduct involves the sexual penetration of a person at least 13 years of age but no more than 16. The prosecutor declined to go forward with this charge. In the fourth degree, criminal sexual conduct involves a wide variety of unlawful activity. Rojas-Carillo's charging document specifies that he "did engage in sexual conduct with another person . . . using force or coercion to accomplish the sexual conduct." Criminal sexual conduct in the fourth degree is a state misdemeanor punishable by up to two years in custody.

Rojas-Carillo was found guilty and sentenced to 6 months in jail with credit for 60 days. He was released on November 18, 2002, and immediately deported. On November 3, 2003, Rojas-Carillo was discovered in Alma, Michigan, when local police issued him a citation for failure to register as a sex offender. While in state custody pending resolution of the failure-to-register citation, Rojas-Carillo was charged federally with reentering the United States without express permission from the Attorney General. *See* 8 U.S.C. § 1326(a).

On January 2, 2004, Rojas-Carillo signed a Rule 11 Agreement whereby he agreed to plead guilty to illegal reentry and to waive various rights, including the right to appeal his sentence. In exchange, the Government recommended a three-level reduction for acceptance of responsibility

and agreed that Rojas-Carillo would be sentenced to no more than the midpoint of the applicable

guideline range.

The United States Probation Office prepared a Presentence Investigation Report ("PSI").

The PSI recommended a base level of 8, dictated by the underlying offense of illegal reentry, and

the addition of 16 levels because Rojas-Carillo's previous felony constituted a "crime of violence."

The resulting sentencing guideline range was 46 to 57 months, which was further limited to a range

of 46 to 51 months (the range midpoint) pursuant to the Rule 11 Agreement.

In his sentencing memorandum, Rojas-Carillo argued that because his previous crime was

not an aggravated felony, the maximum penalty he could face was two years. He further argued that

because his crime was neither an aggravated felony nor a crime of violence, he deserved neither an

8 nor a 16-level increase under the Guidelines. Accordingly, Rojas-Carillo calculated his sentencing

guideline range as 10 to 16 months.

The district court adopted the PSI calculation and sentenced Rojas-Carillo to the minimum

of 46 months. The court observed that because fourth degree criminal sexual conduct is punishable

by more than one year, it is considered a felony for federal sentencing purposes. Although the court

observed that fourth degree criminal sexual conduct could be perpetrated without violence, the court

further noted that the indictment of Rojas-Carillo specified the use of "force or coercion."

Accordingly, the court found that his crime "include[d] as an element the use, attempted use or

threatened use of physical force against the person of another." Thus, it was a crime of violence for

sentencing purposes.

Rojas-Carillo filed a timely appeal under FED. R. APP. P. 4(b); 28 U.S.C. § 1291 grants

jurisdiction to this Court.

## II.

At first blush, Rojas-Carillo appears to have no right to file this appeal.  His Rule 11

Agreement contains a provision entitled "Defendant's waiver of appeal rights."  It reads:

> Defendant waives any right to file a direct appeal from the conviction or sentence,
> including any right under 18 U.S.C. § 3742 to appeal on the grounds that the
> sentence was imposed as a result of an incorrect application of the sentencing
> guidelines, except that a defendant may appeal one or more of the following
> sentencing actions if defendant makes a timely objection (e.g., a timely objection to
> the presentence report, where applicable): (A) the court's application of a provision
> in the sentencing guidelines if the application of a provision that was unanticipated
> by the parties and adverse to the interests of the defendant . . .[1]

The Government contends, and Rojas-Carillo's counsel conceded at oral argument, that

Rojas-Carillo may not appeal his sentence on the basis of *United States v. Booker*, 125 S.Ct. 738

(2005), because he did not raise a *Booker* objection at his sentencing hearing.  Although the

defendant's failure to object on the basis of a unannounced principle is understandable, this Court

has held that *Booker* does not invalidate the waiver of a right to appeal one's sentence.  *See United*

---

[1]The provision lists four other exceptions, none of which even arguably apply to the case at bar. They are (1) a departure from the criminal history points indicated on the attached worksheet, (2) the addition of time to a sentence presently being served, (3) the denial of a reduction for acceptance of responsibility, and (4) the imposition of an enhancement for obstruction of justice.

*States v. Bradley*, 400 F.3d 459, 464 (6th Cir. 2005). Thus, it is clear that Rojas-Carillo is not entitled to remand under *Booker*; and we so hold.

The parties also agree that Rojas-Carillo has the right to appeal his sentence on the basis that the district court misapplied the Guidelines. We find this curious: Rojas-Carillo waived his right to appeal "on the grounds that his sentence was imposed as a result of an incorrect application of the sentencing guidelines." Rojas-Carillo may appeal an application that was "unanticipated by the parties." Yet the base level of 8 and the 16-level enhancement for "deportation following crime of violence" was referenced by, and attached to, the Rule 11 Agreement Rojas-Carillo signed. Even assuming the word "parties" to apply only to one party—the defendant—Rojas-Carillo certainly "anticipated" the sentence he received. The entire basis for Rojas-Carillo's objection and subsequent appeal is that the Government's recommendation, ratified by the PSI, was to be imposed on him.

The Eastern District of Michigan may be using the word "unanticipated" to capture the situation where parties stipulate to a given interpretation and yet the court, in violation of Rule 11(c)(1)(C), ignores that stipulation. Yet this reading does not entitle Rojas-Carillo to an appeal; the district court did not ignore any stipulation. Alternatively, "unanticipated" could refer to the absence of stipulation. But under this reading, exception (A) to the waiver of appeal swallows every other exception. It would also follow that the only right Rojas-Carillo waived was the right to file a direct appeal on a new ground. The defendant gives up little: we already review most new grounds under the deferential plain error standard. *See United States v. Barajas-Nunez*, 91 F.3d 826, 830 (6th Cir. 1996).

We proceed to the merits because both parties apparently intended that Rojas-Carillo be able to file this appeal. If a defendant in the Eastern District of Michigan waives only his right to appeal on new grounds, his Rule 11 Agreement should specifically so state. Otherwise, the Government might frustrate the intention of the parties by later urging a technical or even common sense interpretation of the word "unanticipated" upon the appellate court.

III.

A.      Aggravated Felony for Purposes of Statutory Maximum

Under 8 U.S.C. § 1326, the sentence for illegal reentry may not exceed two years unless the alien has a prior aggravated felony, in which case the maximum penalty is 20 years. The district court's determination that Rojas-Carillo's previous crime was an aggravated felony for purposes of 8 U.S.C. § 1326(b) represents an interpretation of that statute, which we review *de novo*. *United States v. Seaton*, 45 F.3d 108, 111 (6th Cir. 1995).

Rojas-Carillo was convicted of violating MCLA 750.520e(1)(b). This Michigan statute provides in relevant part that "[a] person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual conduct with another person" under certain circumstances. Among these circumstances are "force or coercion," which includes, but is not limited to, the use of a) physical force, b) the threat of force, c) unethical medical methods, and d) concealment or surprise. MCLA 750.520(e)(1)(b).

That Michigan characterizes fourth degree criminal sexual conduct as a "misdemeanor," *see id.*, does not withdraw the crime from consideration as a felony for federal sentencing purposes. *See*

*United States v. Aparco-Centeno*, 280 F.3d 1084, 1087 (6th Cir. 2002); *United States v. Gonzalez-Vela*, 276 F.3d 763, 766-67 (6th Cir. 2001). A felony may be characterized as aggravated for a variety of reasons. *See* 8 U.S.C. § 1101(a)(43) (defining aggravated felony for purposes of immigration law). The litigants focus on "crime[s] of violence (as defined in section 16 of Title 18, but not including a purely political offense)." 8 U.S.C. § 1101(a)(43)(F). A crime of violence in this context is either "an offense that has as an element the use, attempted use, or threatened use of physical force," or, "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force . . . may be used in the course of committing the offense." 18 U.S.C. § 16.

The district court reasoned that because "force or coercion" was an element of the crime,[2] fourth degree criminal sexual conduct contained as an element the use, attempted use, or threatened use, of force. This may have been an error: "coercion may, but need not, involve force." *United States v. Arnold*, 58 F.3d 1117, 1122 (6th Cir. 1995). Nevertheless, sexual contact by threat or coercion involves a substantial *risk* of physical force. *See United States v. Campbell*, 256 F.3d 381, 396 (6th Cir. 2001) (finding substantial risk of force in sexual contact with a minor of same blood affinity); *cf. United States v. Kaplinsky*, 42 F.3d 320, 324 (6th Cir. 1994) (en banc) ("That deception may be used to effect [a] kidnaping does not erase the ever-present possibility that the victim may figure out what is going on and decide to resist, in turn requiring the perpetrator to use actual physical restraint.").

---

[2]The court used the "categorical approach," whereby a court first looks to the elements of the crime to determine if force is implicated. *Taylor v. United States*, 495 U.S. 757 (1990). If the elements are ambiguous, the court may look to the charging documents but not beyond them (to, for instance, police documents). *See Shepard v. United States*, 125 S.Ct. 1254, 1256 (2005).

Furthermore, any "sexual abuse of a minor" is considered to be an aggravated felony. 8 U.S.C. § 1101(a)(43)(A). Congress has defined the sexual abuse of a minor as "knowingly engag[ing] in a sexual act with another person who has attained the age of 12 years but not yet the age of 16 years" by a person "at least 4 years older" than the victim. 18 U.S.C. §2243(a). Immigration law defines a "sexual act"—as opposed to a "sex act"—broadly. *See, e.g., Gonzalez-Vela*, 276 F.3d at 766 (touching bodies of two young girls with sexual intent); *United States v. Baron-Medina*, 187 F.3d 1144 (9th Cir. 1999) (touching minor sexually). A sexual act need not involve force, *see, e.g., Uritsky v. Gonzalez*, 399 F.3d 728 (6th Cir. 2005) (statutory rape); *Mugali v. Ashcroft*, 258 F.3d 52 (2d Cir. 2001) (same), nor even physical contact with the victim, s*ee, e.g., United States v. Padilla-Reyes*, 247 F.3d 1158, 1160 (11th Cir. 2001) (sexual exposure); *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. 991 (B.I.A. 1999) (same). The key element is that the perpetrator derive sexual gratification from a person under the age of 16 through some misuse or maltreatment. *Cf. Campbell*, 256 F.3d at 396.

Even if the crime need not involve or directly implicate violence, any sexual conduct using "force or coercion" against a 14-year-old victim by a 19-year-old presumably constitutes the sexual abuse of a minor.[3] That Rojas-Carillo's victim was a minor, moreover, is immediately apparent from the charging document. *See Shepard v. United States*, 125 S.Ct. 1254, 1256 (2005) (holding that

---

[3]In 2001, the Guidelines definition of a crime of violence listed sexual abuse of a minor in a parenthetical following "forcible sex offenses," suggesting that the abuse had to involve force. *See United States v. Perez-Valasquez*, 67 Fed. Appx. 890, *893 (6th Cir. Jan. 17, 2003) (Cole, J., concurring) (unpublished). Rojas-Carillo was sentenced in 2004. By this time, the Guidelines had been amended to list sexual abuse of a minor separately. *See* U.S.S.G. § 2L1.2; *Perez-Valaquez*, 67 Fed. Appx. at *892 n.1 (noting the forthcoming amendment).

a sentencing court may look at charging documents, but not police records, to determine if a felony was violent for purposes of the Armed Career Criminal Act). Although the victim's age is listed in a nolle prossed count, she is also specifically named as the victim in the charge of which Rojas-Carillo was convicted. *Compare United States v. Hargrove*, 416 F.3d 486 (6th Cir. 2005) ("The indictment, which is part of the record in this case, also makes no reference to the age of Hargrove's stepdaughters at the time of the charged conduct, nor to whether the conduct was coerced or consensual.").

Accordingly, we affirm the district court with respect to the statutory maximum of 20 years.

B.      Crime of Violence for Purposes of Sentencing Guidelines

In the context of illegal reentry, the Guidelines provide for an 8-level enhancement for a previous aggravated felony and a 16-level enhancement if that felony was also a crime of violence. U.S.S.G. § 2L1.2. We review the district court's legal interpretation of the Guidelines *de novo*. *Arnold*, 58 F.3d at 1120.

The Guidelines rely on the statutory definition of aggravated felony, detailed above. U.S.S.G. § 2L1.2. Thus, a total offense level of at least 16 was appropriate. However, the Guidelines employ a different definition of a "crime of violence." The definition includes "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of a physical force against the person of another." U.S.S.G. § 2L1.2 (Application Note 1(B)(iii)). Yet it does not include felonies that in general involve a substantial risk of physical force. *Compare* U.S.S.G. § 2L1.2 (Application Note 1(B)(iii)) *with* 18 U.S.C. § 16.

Although the Guidelines definition of a crime of violence is narrower than the statutory definition in one sense, it is also broader in the sense that it *does* include the sexual abuse of a minor. U.S.S.G. § 2L1.2 (Application Note 1(B)(iii)).  Sexual abuse of a minor, discussed above, is no different for Guidelines purposes than it is for statutory purposes. *See Gonzalez-Vela*, 276 F.3d 763.

Accordingly, we affirm the district court's determination that Rojas-Carillo's crime was a crime of violence for sentencing purposes.

IV.

For the preceding reasons, we **AFFIRM** the judgement of the district court.