NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0636n.06
Filed: August 29, 2007

Case No. 06-5280

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| United States of America, | : | |
| | : | |
| Plaintiff-Appellee, | : | On Appeal From the United States |
| | : | District Court for the Western District |
| vs. | : | of Tennessee at Jackson |
| | : | |
| Frankie Miller, | : | |
| | : | |
| Defendant-Appellant. | : | |

BEFORE: GIBBONS and SUTTON, Circuit Judges; BECKWITH, District Judge.[*]

SANDRA S. BECKWITH, District Judge. Frankie Miller appeals his sentence imposed following his guilty plea to being a felon in possession of a firearm. Based on Miller's prior convictions, the district court found him to be an armed career criminal and sentenced him to the statutory minimum of 180 months. Miller appeals, arguing the district court violated his constitutional rights by classifying him as an armed career criminal, and erred in concluding that one of his prior convictions was a "violent felony." We affirm.

I.

A federal grand jury indicted Miller on charges of being a felon in possession of a firearm,

_____

[*] The Honorable Sandra S. Beckwith, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

18 U.S.C. §922(g)(1), and possessing a stolen firearm that had been shipped in interstate commerce, 18 U.S.C. §922(j). Miller pled guilty to both counts of the indictment. Miller's pre-sentence report recommended that he be sentenced under the Armed Career Criminal Act, 18 U.S.C. §924(e), based on three prior state convictions for robbery, aggravated assault, and arson. Miller objected to the characterization of the arson conviction as a "violent felony" under the ACCA. At the sentencing hearing, the Government expressed concern that the court could not determine if Miller's arson conviction was a "violent felony" without the documents pertaining to Miller's charge and his plea. (J.A. 52) The district court granted a continuance to permit the Government to obtain those documents. After reviewing the charging information, affidavits in support of the charges, and Miller's guilty plea, the district court concluded that the felony was "violent" as defined by the ACCA. The district court sentenced Miller to the minimum statutory sentence of 180 months, and five years of supervised release. Miller timely appealed.

II.

Miller contends that the district court violated his Sixth Amendment rights by concluding he had committed "arson," as no jury ever convicted him of that crime. We need not tarry over Miller's contention, nor determine whether plain error analysis is appropriate, because Miller's argument is squarely defeated by Sixth Circuit precedent. In *United States v. Beasley*, 442 F.3d 386 (6th Cir. 2006), we held that the district court does not violate the Sixth Amendment "by determining the fact and nature of a defendant's prior convictions and using these findings to impose an increased sentence under the Armed Career Criminal Act." *Id.* at 391. The district court did not err in doing so here.

III.

Miller also contends that the district court erred when it concluded that Miller's felony conviction under Tenn. Code Ann. §39-14-303 was a "violent felony." This court reviews the district court's legal conclusion de novo. *United States v. Collier*, No. 06-1395, ___ F.3d ___, 2007 U.S. App. LEXIS 16598, at *2 (6th Cir., July 12, 2007). The ACCA mandates that a defendant convicted as a felon in possession of a firearm shall be imprisoned for not less than fifteen years, if that defendant has three prior convictions for violent felonies. The statute defines "violent felony" as

> Any crime punishable by imprisonment for a term exceeding one year . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. §924(e)(2)(B).

*Taylor v. United States*, 495 U.S. 575, 600 (1990) requires the sentencing court to utilize a "formal categorical approach" to determine if a prior conviction falls within the statutory definition. Congress determined that burglary, arson, extortion, and the use of explosives are presumptively "violent" crimes. *Taylor* addressed whether a conviction under a state statute that criminalized "burglary-like" conduct qualified as a "burglary" under the ACCA. The Supreme Court concluded that Congress used "burglary" to mean the "generic" crime defined in most modern state criminal codes, which includes the basic element of "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599. A conviction under such a "generic" burglary statute would fall within the ACCA's definition. In states where statutes define

burglary more broadly ("non-generic" statutes) the sentencing court may look beneath the fact of the conviction to review the indictment or jury instructions to determine if the elements of the offense include the generic elements. In *Shephard v. United States*, 544 U.S. 13 (2005), the Supreme Court applied this categorical approach to a conviction following a guilty plea under a "non-generic" statute. In such cases, the court's categorical analysis ". . .is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 26.

Hence, if Miller pled guilty to and was convicted of an offense under a generic state arson statute, no further inquiry is needed to conclude that his conviction qualifies as an ACCA "violent felony."

Miller was convicted of violating Tenn. Code Ann. §39-14-303. That statute is part of the Tennessee Criminal Code, Chapter 14 "Offenses Against Property," Part 3 entitled "Arson-Explosives." Sections 301 and 302 define "Arson" and "Aggravated Arson" respectively. Section 303 is entitled "Setting fire to personal property or land" and states:

> (a) **A person commits arson who knowingly damages** any personal property, land, or other property, except buildings or structures covered under §39-14-301, by means of a fire or explosion:
>
> (1) Without the consent of all persons who have a possessory or proprietary interest therein; or
>
> (2) With intent to destroy or damage any such property for any unlawful purpose.
>
> (b) A violation of this section is a Class E felony.

-4-

(Emphasis added)

The statute itself expressly defines the offense as "arson," although the statute omits the traditional common law element of the burning of a dwelling. *Taylor* rejected the argument that Congress intended "burglary" to have its common law meaning (the breaking and entering of a dwelling at night with intent to commit a felony), noting that such "arcane distinctions embedded in the common-law definition have little relevance to modern law enforcement concerns." *Taylor*, 495 U.S. at 593-594. The modern generic crime of arson is not limited to dwellings, or even to buildings. In *United States v. Velasquez-Reyes*, 427 F.3d 1227, 1230-1231 and n.2 (9th Cir. 2005), the Ninth Circuit noted that a majority of modern state arson statutes define burning of personal property as arson, and listed 36 such statutes including Tenn Code Ann. §39-14-303. The Second Circuit concluded that a third-degree arson conviction under a Vermont statute that criminalized the willful and malicious burning of personal property worth at least $25 was an "arson" conviction for purposes of the ACCA. *United States v. Hathaway*, 949 F.2d 609, 610 (2nd Cir. 1991). The federal arson statute, 18 U.S.C. §844(f)(1) includes the malicious destruction of personal property. Moreover, the Tennessee courts have held that the offense defined in §39-14-303 is an independent arson crime, and not merely a lesser included offense of "arson" or "aggravated arson." *State v. Rucker*, 2004 Tenn. Crim. App. LEXIS 1078 (2004). Under Tennessee law, there is no question that Miller pled guilty to a crime of "arson." The widely accepted "generic" definition of arson thus includes the knowing burning of personal property without consent or with unlawful intent.

Miller argues that Tenn. Code Ann. §39-14-303 lacks any element of violence, and therefore should not be treated as a "violent felony." The identical argument concerning "burglary" was

squarely rejected in *Taylor*, when the Supreme Court observed that

> . . . Congress thought that certain general categories of property crimes – namely burglary, arson, extortion, and the use of explosives – so often presented a risk of injury to persons, or were so often committed by career criminals, that they should be included in the enhancement statute even though, considered solely in terms of their statutory elements, they do not necessarily involve the use or threat of force against a person.

*Taylor*, 495 U.S. at 597.

We need not reach the issue of whether Miller's conviction falls within the "otherwise" clause of 18 U.S.C. §924(e)(2)(B)(ii), which includes within the ACCA's definition any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." This clause is only triggered when an offense is not specifically enumerated in that subsection of the statute. *James v. United States*, 127 S.Ct. 1586 (2007). There, the Supreme Court analyzed whether a conviction for "attempted burglary" under a Florida statute qualified as an ACCA violent felony; the Court noted that 18 U.S.C. §924(e)(2)(B)(ii) did not expressly list **attempted** burglary, and so analysis under the "otherwise" clause was required. *Id.* at 1591. The same type of analysis was applied by this Court in *United States v. Collier*, No. 06-1395, ___ F.3d ___, 2007 U.S. App. LEXIS 16598 (6th Cir., July 12, 2007), to a Michigan conviction for "prison escape," and in *United States v. Sawyers*, 409 F.3d 732 (6th Cir. 2005) and *United States v. Wilcox*, 150 Fed. Appx. 458 (6th Cir., October 5, 2005) (unpublished) to Tennessee convictions for statutory rape. Because Miller was convicted under a "generic" state arson statute, we need not address Miller's arguments concerning the facts underlying his conviction.

For the foregoing reasons, we conclude that the district court properly concluded that

Miller's arson conviction was a "violent felony" under the ACCA, and we affirm Miller's sentence.