NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0341n.06

No. 14-1423

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>May 07, 2015<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| DAVID LOUIS LEE, aka Doodlebug, | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BOGGS, SUHRHEINRICH, and WHITE, Circuit Judges.

PER CURIAM. David Louis Lee, a federal prisoner, appeals the 140-month sentence imposed following his guilty plea to a charge of conspiracy to possess with intent to distribute cocaine base. 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846. We affirm.

**I.**

The Presentence Report (PSR) calculated Lee's guidelines range at 262 to 327 months (total offense level 34 and criminal-history category VI), recommended a 262-month sentence, and noted the statutory minimum sentence of 120 months. The PSR designated Lee as a career offender, which also placed him in a criminal-history category VI. U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). At sentencing, the district court granted the government's motion to reduce Lee's offense level by six levels based on substantial assistance, U.S.S.G. § 5K1.1, which resulted in a guidelines range of 140 to 175 months. Defense counsel urged the court to sentence Lee to the

statutory minimum of 120 months' imprisonment; however the court sentenced Lee at the bottom of the range, to 140 months of imprisonment. On appeal, Lee argues that his prior Michigan conviction of arson of personal property over fifty dollars, Mich. Comp. Laws Ann. § 750.74 (West 1991), was not a crime of violence that rendered him subject to the career offender enhancement.

## II.

A determination that a prior conviction is a crime of violence under the career offender guidelines is reviewed de novo. *United States v. Rede-Mendez*, 680 F.3d 552, 555 (6th Cir. 2012). A "crime of violence"

> means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

The Michigan arson statute in effect when Lee pleaded guilty and was sentenced required the state to prove that he willfully and maliciously burned personal property (his own or that of another) worth over fifty dollars:

> Burning of personal property – Any person who wilfully and maliciously burns any personal property . . . owned by himself or another . . . . [i]f the value of the personal property burned or intended to be so burned . . . . be more than $50.00, such person shall be guilty of a felony.

Mich. Comp. Laws Ann. § 750.74 (West 1991); PID 508-09.

The issue is whether Lee's conviction under this statute constituted generic arson. The generic definition of a crime "is found by surveying how the crime is described across jurisdictions, as well as consulting sources such as the Model Penal Code." *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012); *see also United States v. Velez-Alderete*,

569 F.3d 541, 544–45 (5th Cir. 2009) (where the defendant argued that under the common law and the Model Penal Code the definition of arson involves an explicit risk of harm to a person, not merely property, and that the generic meaning of arson covers property likely to be occupied, the court rejected that argument because it "ignores the consensus among state statutes that defines contemporary arson as involving the malicious burning of property, personal or real, without requiring that the burning threaten harm to a person.").

There is no published decision on point, but in *United States v. Miller*, 246 F. App'x 369, 371–72 (6th Cir. 2007) (unpublished), we held that Tennessee's crime of arson of personal property is a violent felony under the Armed Career Criminal Act, which equates to a crime of violence under the guidelines, *United States v. Young*, 580 F.3d 373, 379 n.5 (6th Cir. 2009). Similar to the Michigan statute at issue, the Tennessee arson-of-personal-property statute in *Miller* proscribed knowingly burning and damaging *any* personal property, except buildings or structures, without the consent of the owner(s) or with the intent to destroy or damage the property. Tenn. Code. Ann. § 39-14-303.[1] (Emphasis added). *Miller* concluded that the defendant was convicted under a "generic" state arson statute:

> Under Tennessee law, there is no question that Miller pled guilty to a crime of "arson." The widely accepted "generic" definition of arson thus includes the knowing burning of personal property without consent or with unlawful intent.

246 F. App'x at 372. The court thus did not reach the question whether Miller's conviction fell within the ACCA's "residual clause" because involving conduct that presents a serious potential risk of physical injury to another. *Id.*

---

[1] Section 39-14-303 provides in pertinent part: "A person commits arson who knowingly damages any personal property . . . by means of a fire or explosion: (1) Without the consent of all persons who have a possessory or proprietary interest therein; or (2) With intent to destroy or damage any such property for any unlawful purpose."

Similar to the defendant's argument in *Miller*, Lee's argument is that his 1998 conviction of arson of an automobile was not a crime of violence because it did not involve a serious potential risk of physical injury. He cites *United States v. Cooper*, 739 F.3d 873, 879 (6th Cir.), *cert. denied*, 134 S. Ct. 1910 (2014), for the proposition that an offense is not a crime of violence ~~just~~ simply because it has the same name as one of the offenses enumerated in U.S.S.G.§ 4B1.2(a)(2) and the court must determine whether the offense fits the generic definition of the listed crime. That is correct, but we agree with *Miller*, *supra*, that the willful and malicious burning of any personal property is covered by the generic definition of arson. *See also United States v. Gatson*, 776 F.3d 405, 410 (6th Cir. 2015),[2] (holding that arson conviction under Ohio law qualified as "generic" arson for purposes of Armed Career Criminal Act, noting that "like every other court to consider the question, we conclude that generic arson embraces the intentional or malicious burning of any property."); *see also Velez-Alderete*, 569 F.3d at 546 (citing *Miller* and observing that thirty-six states extend arson to personal property, noting "the consensus among state statutes that defines contemporary arson as involving the malicious burning of property, personal or real, without requiring that the burning threaten harm to a person," and that the federal arson statute "similarly extends to personal property without regard to the possible harm to a person.").

Lee also argues that the Michigan statute he was convicted of violating contained an additional element requiring the state to prove that he had a prior conviction. But Lee cites the current Michigan arson statute, and not the one that applied in 1998, at the time he committed

---

[2] The government brought *Gatson* to our attention by supplemental authority letter filed February 17, 2015. The Ohio arson statute in *Gatson* required the state to prove that a person knowingly caused, or created a substantial risk of, physical harm to any property of another without the other person's consent by "means of fire or explosion." Ohio Rev. Code § 2909.03. Gatson, like Lee, set fire to a car. *Gatson*, 776 F.3d 405, 410 (6th Cir. 2015).

and pleaded no contest to the arson charge, which had no such element.[3] *See* Mich. Comp. Laws Ann. § 750.74 (West 1991). In any event, the addition of the prior conviction element does not affect whether it qualifies as an enumerated offense.

Because Lee's arguments that his arson conviction was not a crime of violence for career-offender purposes are without merit, we AFFIRM the district court's judgment.

---

[3] Defendant's confusion regarding which version of the Michigan arson statute applies to his arson conviction may be due to the fact that the judgment entered in January 1999, after an amendment to the statute took effect. However, Lee pleaded no contest to the arson charge on December 4, 1998, before the statute was amended effective January 1, 1999. PID 511 (amended statute), 524-537 (plea hearing in Lake County Trial Court, criminal division). The judgment of sentence itself states that Lee was found guilty on December 4, 1998 on a plea of no contest. PID 540.