NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0515n.06

No. 25-1254

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 04, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE EASTERN |
|  | ) | DISTRICT OF MICHIGAN |
| v. | ) |  |
|  | ) |  |
| LAQUINTAS KENYETTA RUSHING, | ) | OPINION |
| Defendant-Appellant. | ) |  |
|  | ) |  |

Before: WHITE, STRANCH, and MURPHY, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Defendant–appellant Laquintas Rushing appeals his below-guidelines 36-month sentence for being a felon in possession of a firearm, arguing that the district court erred in determining that his prior Michigan conviction for arson is a crime of violence. Because Rushing's Michigan arson conviction fits within its generic analog, it qualifies as a crime of violence. Accordingly, we **AFFIRM**.

**I.**

Laquintas Rushing pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His presentence report (PSR) recommended an enhanced base offense level because of two prior Michigan convictions: (1) armed robbery, and (2) arson. According to the PSR, both offenses qualified as "crimes of violence" under U.S.S.G. § 4B1.2(a), warranting a two-point increase in Rushing's base offense level—armed robbery because of its force element, and arson as an enumerated offense. R. 42 [SEALED], PID 210 (citing U.S.S.G. § 2K2.1(a)(2)).

Rushing objected to the proposed base offense level calculation. Correctly observing that a state offense constitutes a "crime of violence" under the enumerated offense clause only if its elements are the same or narrower than the generic crime, Rushing argued that because generic arson includes the burning of any *property*, but Michigan's then-applicable arson statute criminalized the burning of a dwelling or its *contents*, M.C.L. § 750.72 (2012),[1] Michigan's statute punished more conduct than generic arson. Rushing gave the example of trash, which, according to Rushing, may be "contents" of a home, but not "property." He contended that Michigan, therefore, would criminalize the burning of that trash but a generic statute would not. The government responded, arguing that a defendant could be charged under a generic arson statute for such conduct.

The district court overruled Rushing's objection. Agreeing with the government that burning trash inside a structure could be punished under a generic arson statute, the district court concluded that Rushing's Michigan arson conviction fell within the generic term.

Applying the enhancement, the court assigned Rushing a base offense level of 24, giving him a guidelines range of 57 to 71 months. Without the enhancement, Rushing faced a guidelines range of 46 to 57 months. After considering the 18 U.S.C. § 3553(a) factors, the district court imposed a below-guidelines sentence of 36 months' imprisonment. Rushing timely appealed.

**II.**

We review de novo a district court's determination that a prior conviction qualifies as a "crime of violence." *United States v. Cervenak*, 135 F.4th 311, 320 (6th Cir. 2025) (en banc).

---

[1] Michigan amended its arson laws in 2013, after Rushing was convicted under their prior versions. We refer to the pre-2013 provisions throughout this opinion.

Rushing pleaded guilty to being a felon in possession of a firearm. The sentencing guidelines provide for a two-level increase if the defendant has two prior convictions for a "crime of violence." U.S.S.G. § 2K2.1(a)(2). Among other enumerated felonies, the guidelines list "arson" as a "crime of violence." U.S.S.G. § 4B1.2(a)(2). The guidelines do not define arson or the other specified crimes, leading the Supreme Court to conclude that Congress "referred only to their usual or . . . generic versions—not to all variants of the offense[]." *Mathis v. United States*, 579 U.S. 500, 503 (2016); *Taylor v. United States*, 495 U.S. 575, 598 (1990). In considering whether Michigan's arson statute fits within the generic definition of the offense, we apply the "categorical approach," ignoring the underlying facts of Rushing's arson conviction. *See Descamps v. United States*, 570 U.S. 254, 261 (2013) ("Courts may look only to the statutory definitions—i.e., the elements—of a defendant's prior offenses, and not to the particular facts underlying those convictions.") (citation modified).

We defined generic arson in *United States v. Gatson*, 776 F.3d 405, 410 (6th Cir. 2015).[2] Following "every other court to consider the question," we concluded that "generic arson embraces the intentional or malicious burning of any property." *Id.* (citation modified); *see also United States v. Lee*, 608 F. App'x 375 (6th Cir. 2015) (unpublished) (same). The parties agree with this formulation of the generic offense.

Next, we compare that generic definition to Michigan's arson statute. Rushing committed a "crime of violence," only if the elements of his state arson conviction are "the same as, or narrower than, those of the generic offense." *Cervenak*, 135 F.4th at 320. We "focus on the minimum conduct criminalized by the statute, while resisting the impulse to apply legal

---

[2] *Gatson* addressed generic arson in the Armed Career Criminal Act (ACCA) context, which "equates to a crime of violence under the guidelines." *United States v. Lee*, 608 F. App'x 375, 376–77 (6th Cir. 2015) (citing *United States v. Young*, 580 F.3d 373, 379 n.5 (6th Cir. 2005)).

imagination to the offense." *Wingate v. United States*, 969 F.3d 251, 263 (6th Cir. 2020) (citing

*Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)) (citation modified).

At the time of Rushing's arson offense, the relevant statute provided:

### 750.72        Burning dwelling house

§ 750.72. Burning dwelling house—Any person who willfully or maliciously burns any dwelling house, either occupied or unoccupied, or the contents thereof, whether owned by himself or another, or any building within the curtilage of such dwelling house, or the contents thereof, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 20 years.

Other related statutes provided:

### 750.73        Burning of other real property

§ 750.73. Burning of other real property—Any person who wilfully or maliciously burns any building or other real property, or the contents thereof, other than those specified in the next preceding section of this chapter, the property of himself or another, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 10 years.

### 750.74 Burning of personal property

§ 750.74. Burning of personal property—Any person who wilfully and maliciously burns any personal property, other than that specified in the preceding sections, owned by himself or another shall, if the value of the personal property burned or intended to be so burned be $50.00 or less, be guilty of a misdemeanor. If the value of the personal property burned or intended to be so burned be more than $50.00, such person shall be guilty of a felony.

As Rushing concedes, had § 750.72 punished anyone who "burns any dwelling house . . .

or *any property* thereof," the statute would match the generic definition of arson. *See* Appellant's

Br. at 12 ("The generic, contemporary meaning of arson is: (1) the intentional and malicious

burning of (2) any property."). The Michigan legislature, however, chose the term "contents."

Thus, we must determine whether "contents" in this statute encompasses more than "any property" in the generic definition.

We conclude that the terms are equivalent here. "Contents" in § 750.72 merely refers to property other than the building itself that is burned within a dwelling or buildings within a dwelling's curtilage. And because generic arson includes *any* property, Michigan's statute criminalizing the burning of contents is no broader than generic arson.

We start with the statutory text, reading § 750.72 alongside its neighboring provisions. *See, e.g.*, *Dubin v. United States*, 599 U.S. 110, 124–27 (2023) (analyzing the words surrounding a term in a federal statute). Section 750.72 makes it a first-degree felony to burn a dwelling house or buildings within its curtilage "or the contents thereof." Section 750.73 applies the same rule to non-dwelling structures. Neither provision mentions "personal property." *See* M.C.L. §§ 750.72–750.73. Section 750.74, however, explicitly discusses personal property. Section 750.74's terms apply to "any personal property, other than that specified in the preceding sections." But, again, neither preceding section mentions personal property; both refer only to structures (dwellings and other buildings) and contents. Dwelling houses and other buildings are not personal property, so the only form of personal property "specified in the preceding sections" must be the "contents" of the buildings. *See also* John Poullous, *Metamorphosis of the Law of Arson*, 51 Mo. L. Rev. 296, 373 (1986) (including Florida, which also used the term "contents" in the list of states that criminalized arson of personal property). And thus, "contents" in §§ 750.72–750.73 refers to any property burned within certain buildings. Accordingly, because *Gatson* held that generic arson is the burning of any property, Michigan's statute does not criminalize more than its generic analog.

Rushing disagrees, arguing that "contents" in § 750.72 covers more than "property." First, he asserts that "contents" takes its plain meaning: "things contained within a container" or

"something contained." Appellant's Br. at 14 (citing Merriam-Webster Online Dictionary). According to Rushing that means essentially anything. "Property," (specifically personal property), in contrast, means "*everything that is the subject of ownership*, not coming under denomination of real estate." Appellant's Reply at 5 (quoting Black's Law Dictionary (6th ed. 1990)). Rushing argues that trash, for example, is no longer "owned," so it cannot be "property." *Id.* Thus, Michigan's statute would criminalize the burning of trash (because it is "contents") but the generic statute would not (because trash is not property).

We first address Rushing's argument that trash is not property. Citing many cases, he asserts that "settled law says the contents of a trash bag are no longer owned." Appellant's Reply at 5 (collecting cases). But Rushing's reading of the cases conflates legal concepts. None of the cases he cites holds that trash is no longer owned or is otherwise not property. Instead, those cases simply confirm that someone who throws out trash surrenders any "reasonable expectation of privacy" in the discarded trash. *See California v. Greenwood*, 486 U.S. 35, 40–41 (1988); *United States v. Bruce*, 396 F.3d 697, 707 (6th Cir. 2005), *vacated in part on other grounds*, 405 F.3d 1034 (6th Cir. 2005) (finding no "reasonable expectation of privacy" in hotel room's trash bin); *United States v. Mathis*, 807 F. App'x 476, 478 (6th Cir. 2020) (unpublished) ("[T]he relevant question [is] whether [someone] who set out the trash manifested a subjective expectation of privacy in their garbage that society accepts as objectively reasonable." (citing *Greenwood*, 486 U.S. at 35) (citation modified); *United States v. Redmon*, 138 F.3d 1109, 1120 (7th Cir. 1998) (Coffey, J., concurring) ("Thus, the intent to relinquish ownership and abandon trash is tantamount to 'throwing away' a subjective expectation of privacy in it that society accepts as objectively reasonable."); *United States v. Spotted Elk*, 548 F.3d 641, 653–54 (8th Cir. 2008) ("Police may search trash left outside . . . because the owners of the trash have abandoned it.") (citing

*Greenwood*, 486 U.S. at 35)). Rushing's cases actually suggest that, in some scenarios, trash not only remains property, but its owners may retain a privacy interest in it. *See, e.g.*, *Greenwood*, 486 U.S. at 40–43 (finding that the defendant "exposed their garbage to the public *sufficiently* to defeat their claim to Fourth Amendment protection") (emphasis added); *United States v. Terry*, 702 F.2d 299, 309 (2d Cir. 1983) (noting that one could retain a privacy interest in her garbage if she so indicates).

Rushing makes similar arguments about abandoned cars or old newspapers, asserting that because they are no longer owned, they cannot be "property," although they still qualify as "contents." *See* Appellant's Br. at 15, Reply at 4. Rushing provides no caselaw supporting that abandoned objects cease to be "property." And, Rushing's reliance on the legal definition of property (something "that can be made the subject of ownership") provides little support for his position. The definition does not require *actual* ownership, only the possibility of ownership. So, in abandoning a car, a person does not remove it from the property category; the person merely relinquishes the right to exercise ownership rights.

Rushing also argues that a Michigan appellate court decision supports his position that "contents" in § 750.72 includes things beyond "property." In *People v. Sickels*, a defendant confessed to lighting papers in a trash can on an enclosed porch. No. 234746, 2003 WL 21246658, at *1 (Mich. Ct. App. May 29, 2003) (unpublished). The resulting fire and smoke "heavily damaged" the home. *Id.* Prosecutors charged the defendant under § 750.72 (arson of a dwelling house). *Id.* The defendant sought a jury instruction on § 750.74 (arson of personal property). *Id.* Under Michigan law, "[a] requested instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of

the lesser included offense and a rational view of the evidence would support it." *Id.* The trial court denied the defendant's request. The court of appeals affirmed, stating only:

> [B]y its language, § 750.72 requires the property burned to be either (a) a dwelling, (b) the contents of a dwelling, or (c) a building within the curtilage of a dwelling. In contrast, burning of personal property, § 750.74, refers only to property not defined by § 750.72 or § 750.73. 750.74 is not a necessarily included lesser offense of § 750.72, because defendant could have committed the greater offense without first committing the lesser offense.

*Id.* (citation modified). According to Rushing, the only way a person could be convicted of the greater offense (arson of a dwelling) without committing the lesser offense (arson of personal property)[3] is if "contents" means something other than personal property. We do not draw that conclusion. *Sickels* merely observes that a defendant could violate § 750.72 or § 750.73 without necessarily violating § 750.74. For example, if a defendant burns an empty building—say, a barn, shed or other structure within a dwelling's curtilage—he violates § 750.72 but not § 750.74.

The government contends that "'contents' is an all-inclusive term that covers all property, both real property—including fixtures—and personal property." Appellee's Br. at 9. The Michigan legislature, the government reasons, chose "contents" to avoid the "unnecessary legal and factual disputes over whether the property burned inside a dwelling was real property or personal property." *See* Appellee's Br. at 9–11 (discussing *People v. Fox*, 591 N.W.2d 384, 391 (Mich. Ct. App. 1998) (applying a three-part test to identify a fixture)). This is a plausible theory.

Another plausible explanation is that the Michigan legislature chose "contents" (as opposed to "personal property") to differentiate Sections §§ 750.72 and 750.73 from § 750.74. Under § 750.74, a person commits a misdemeanor if she burns personal property valued at $50 and below,

---

[3] Rushing includes "arson of *real* property," not personal property in his parentheses. Appellant's Br. at 18. To the extent he did so intentionally, we cannot follow his logic.

and a felony if she burns personal property worth more than that. However, those monetary specifications do not apply to the "personal property specified in the preceding sections," i.e. "contents." Instead, if someone burns "contents" within a dwelling house (§ 750.72) or another building (§ 750.73), the respective penalty applies without regard to the value of the contents. Perhaps the Michigan legislature chose "contents" (as opposed to "personal property of any value") simply to avoid confusion or to underscore that §§ 750.72–73 are not principally aimed at protecting personal property, but rather the location of the burning. In any event, whatever the rationale, the term "contents" is no broader than "any property," and therefore § 750.72 does not criminalize more than generic arson.

## III.

Towards the end of his brief—but not in a new section—Rushing says he "has other prior convictions," including home invasion and distribution of a controlled substance. Appellant's Br. at 19–20. He notes that distribution offenses were never crimes of violence, and although home invasion was once considered such a crime—including when Rushing committed it—it no longer qualifies. *Id.* But Rushing concedes that "[t]he district court never relied on the home-invasion" in enhancing his sentence. *Id.*; *see also* R. 42, PID 210. The government therefore observes that Rushing does not claim error relating to the home-invasion offense. Appellee's Br. at 14. Rushing does not say otherwise in his reply. We assume that Rushing meant to preserve his objection in the event we found that his arson offense is not a crime of violence. However, Rushing's argument is moot because we affirm the district court's reliance on the arson offense.

\*\*\*

Because our precedents hold that generic arson is the burning of "any property," Michigan's arson statute reaches no further than its generic analog. We **AFFIRM**.