NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0256n.06
Filed: April 6, 2007

Case No. 05-1119

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| JUAN JOSE GAYTAN, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER, MOORE, and BALDOCK,[*] Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Juan Jose Gaytan appeals from the judgment of the District Court for the Eastern District of Michigan, sentencing him to 46 months in prison for a violation of 8 U.S.C. §§ 1326(a) & (b)(2). We affirm.

**I.**

Mr. Gaytan is a Mexican citizen who came to the United States illegally in 1992. In 1999, at age 22, he was arrested for touching the breast of a 12-year old girl, though he claimed to be rebuffing her sexual advances. A jury in a Michigan court convicted him of Criminal Sexual Conduct - 2nd Degree, in violation of M.C.L.A. § 750.520c(1)(a).[1] The court sentenced him to 365

---

[*]The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

[1]"A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exists: (a) That other person is under 13 years of age[.]" M.C.L.A. § 750.520c(1)(a).

days in county jail, followed by immediate deportation and three years of probation.

Mr. Gaytan was released from jail on June 8, 2001, and deported on June 12, 2001. While in Mexico, he contacted the court in Michigan and moved for an early discharge of his probation, which the court granted on November 6, 2001. Shortly thereafter, in November or December 2001, he returned to the United States illegally.

On January 15, 2004, Mr. Gaytan was arrested and charged with Reentry After Deportation, in violation of 8 U.S.C. §§ 1326(a) & (b)(2).[2] The statutory maximum sentence for this offense is 20 years, there is no statutory minimum, and he was informed of this at the plea hearing. He was represented by counsel and pled guilty without a Rule 11 Agreement.

The court computed an offense level under the Sentencing Guidelines: a base offense level of eight that was enhanced by sixteen (16) due to his prior conviction for a "crime of violence," and then reduced by three (3) for acceptance of responsibility. The recommended range for this level was 46 to 57 months. The court sentenced Mr. Gaytan to 46 months in prison. Mr. Gaytan appealed.

## II.

Mr. Gaytan argues that because his prior offense did not involve the use of force and the

---

[2]This statute has two applicable provisions:

Subject to subsection (b) of this section, any alien who - - (1) has been . . . deported . . . and thereafter (2) enters . . . the United States . . . shall be fined under Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. § 1326(a).

Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection - - . . . (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.

8 U.S.C. § 1326(b)(2).

statute under which he was convicted did not include as an element of the offense the use of force, the trial court erred by categorizing his prior offense as a "crime of violence" and consequently applying a 16-level enhancement. We disagree. A "crime of violence" includes "forcible sex offenses, statutory rape, and sexual abuse of a minor." U.S.S.G. § 2L1.2 (Application Note 1(B)(iii)). Sex crimes against children qualify as crimes of violence, regardless of whether the use of force is an element. *United States v. Munguia-Sanchez*, 365 F.3d 877, 879-80 (10th Cir. 2004); *see also United States v. Rojas-Carollo*, No. 04-1743, 2005 WL 3077130, at *5 (6th Cir. Nov. 17, 2005) (holding Michigan Criminal Sexual Conduct - 4th Degree to be a crime of violence for purposes of the sentencing enhancement). A jury had previously convicted Mr. Gaytan of Criminal Sexual Conduct - 2nd Degree, in violation of M.C.L.A. § 750.520c(1)(a), which prohibits sexual contact with a person under 13 years of age. Under the statute,

> 'Sexual contact' includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner for:
> (i) Revenge.
> (ii) To inflict humiliation.
> (iii) Out of anger.

M.C.L.A. § 750.520.a(o); *see also People v. Fisher*, 257 N.W.2d 250, 254 (Mich. App. 1977) ("The actor must touch a genital area intentionally, but he need not act with the purpose of sexual gratification."). Clearly, the crime for which the jury convicted Mr. Gaytan constituted sexual abuse of a minor, which is a crime of violence regardless of the fact that force is not an element.

**III.**

Mr. Gaytan argues that the court erred by denying his Equal Protection challenge to the government's "Fast Track" program. We disagree. Under the Prosecutorial Remedies and Other Tools to End Exploitation of Children Act (PROTECT Act), Pub. L. No. 108-21, 401(m)(2)(B), 117 Stat. 650, 675 (1993), the U.S. Attorney General and the U.S. Attorney for a particular district can agree to certify that district as a "fast track," which is essentially a standardized plea bargaining scheme.[3] Under U.S.S.G. § 5K3.1, the government can offer up to four levels of downward departure in exchange for a pre-indictment guilty plea, forbearance of pretrial motions or discovery, and expedited sentencing and removal following sentence. To date, the government has only certified certain districts in California, Arizona, New Mexico, and Texas. Mr. Gaytan argued that his inability to obtain a downward departure deprived him of equal protection under the law.

The district court construed the fast track program as a matter of prosecutorial discretion and, citing *Wade v. United States*, 504 U.S. 181, 185-86 (1992), held that it would not apply strict scrutiny unless Mr. Gaytan could prove an unconstitutional motive. Because Mr. Gaytan could not do so, the court instead used the rational basis test, and concluded both that the Government has a legitimate interest in conserving and allocating law enforcement resources (e.g., police, prosecutors, judges, jails) in districts that are burdened with illegal aliens, and that the program is rationally related to that goal. *See*, *e.g.*, *United States v. Melendez-Torres*, 420 F.3d 45, 52-53 (1st Cir. 2005)

---

[3]The "fast track" programs are promulgated by the Sentencing Commission:

> Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.

U.S. Sentencing Guidelines Manual § 5K3.1 (2004); *see also* Pub.L. 108-21 § 401(m)(2)(B), 117 Stat. 650 (2003).

No. 05-1119
*United States v. Gaytan*

("[T]he U.S. Attorney General and the U.S. Attorney for the District of Maine . . . could very well find that the low volume of crimes involving illegal aliens in Maine, as compared to southwestern states, enable them to put their resources to better use."). We reach the same conclusion.

## IV.

Mr. Gaytan argues that the court erred by failing to inform him of the elements of the offense before it accepted his guilty plea. We disagree. If a defendant fails to object contemporaneously to the district court's alleged failure to comply with the requirements of Federal Rule of Criminal Procedure 11, we review any alleged error in Rule 11 compliance for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Webb*, 403 F.3d 373, 379 (6th Cir. 2005).

Mr. Gaytan asserts that the Information charged him with unlawfully reentering the country after being deported for commission of an "aggravated felony," but the court instead sentenced him based on commission of a "crime of violence." He contends that these are different, in that a "crime of violence" requires an additional element, and therefore his plea was not made knowingly and he has a right, based on *Blakely v. Washington*, 542 U.S. 296 (2004), to have a jury determine whether his antecedent offense is a "crime of violence." One need not unravel this knot to inspect its illogic strand by strand. This claim is foreclosed by *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, . . . ."), *Blakely*, 542 U.S. at 301 (same), and *United States v. Booker*, 543 U.S. 220, 233 (2005). The Sentencing Guidelines categorize Mr. Gaytan's prior conviction as a "crime of violence." Mr. Gaytan does not dispute that he pled guilty to the illegal reentry with full knowledge that the underlying crime was the Criminal Sexual Conduct offense for which he previously served a year in jail. An attempt to disprove the violence "element" at this

5

proceeding is an attempt to reopen that criminal case, an endeavor that *Apprendi* and *Blakely* expressly preclude.

## V.

For the foregoing reasons, we **AFFIRM** the decisions of the district court.

**KAREN NELSON MOORE, Circuit Judge, concurs in the judgment.**