# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41013
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO RAMOS-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-240

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mario Ramos-Martinez challenges his 24-month sentence for illegal presence in the United States following deportation. He contends that the district court plainly erred by imposing a 12-level crime of violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his conviction for third degree criminal sexual conduct under Michigan Compiled Laws Annotated § 750.520d(1)(a) (1992). He argues that the Michigan offense does

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not comport with the generic, contemporary meaning of the enumerated crime of violence of "sexual abuse of a minor" because the statute of conviction lacked an age differential of at least four years between the perpetrator and the victim. As he concedes, however, this argument is foreclosed by our decision in *United States v. Rodriguez*, 711 F.3d 541, 562 n.28 (5th Cir. 2013) (en banc). He raises it to preserve it for possible further review.

Additionally, Ramos-Martinez contends that, because a defendant was punishable under § 750.520d(1)(a) without regard to whether he knew or should have known that the other person was younger than 16 years old, the offense did not require that the defendant have taken undue or unfair advantage of the minor and does not comport with the generic, contemporary meaning of "sexual abuse." Because Ramos-Martinez did not object to the enhancement in the district court, review is for plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). "The doctrine of plain error serves powerful institutional interests, including securing the role of the United States District Court as the court of first instance, as opposed to a body charged to make recommendations to appellate courts." *United States v. Ellis*, 564 F.3d 370, 378 (5th Cir. 2009). To demonstrate plain error, Ramos-Martinez must show a forfeited error that is clear or obvious that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). An error is not clear or obvious if it is subject to reasonable debate. *Id.*; *Ellis*, 564 F.3d at 377-78. If Ramos-Martinez makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135.

In light of *Contreras v. Holder*, 754 F.3d 286, 295 (5th Cir. 2014), and *Ramos-Garcia v. Holder*, 483 F. App'x 926, 928-29 (5th Cir. 2012), the

determination of whether the Michigan offense comports with the generic, contemporary meaning of "sexual abuse" is subject to reasonable debate. Accordingly, any error by the district court was not "clear or obvious," and Ramos-Martinez cannot meet his burden of showing plain error. *See Puckett*, 556 U.S. at 135; *see also Ellis*, 564 F.3d at 377-78 (noting that "the second prong of plain error analysis is particularly important" and suggesting that, unless a crime of violence error can be identified simply by considering the "elements of the crime" or "other straightforward applications of case law," it is not clear or obvious). We need not consider Ramos-Martinez's argument that the offense does not constitute the enumerated offense of statutory rape or the Government's argument that the offense constitutes a forcible sex offense under § 2L1.2.

The judgment of the district court is AFFIRMED.