**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Santos Pablo GOMEZ, Defendant–Appellant.**

No. 14–2456.

United States Court of Appeals,
Sixth Circuit.

Oct. 9, 2015.

BEFORE: BOGGS and MOORE, Circuit Judges, and REEVES, District Judge.*

DANNY C. REEVES, District Judge.

In 2009, while in the United States illegally, Defendant Santos Gomez was convicted in Lake City, Michigan of sexual penetration of a fourteen-year-old girl. At

* The Honorable Danny C. Reeves, United States District Judge for the Eastern District

the time of the crime, Gomez was eighteen years of age, but was slightly less than four years older than the victim. Following service of his sentence for this offense, Gomez was removed from this country and returned to his native Guatemala. However, Gomez returned to the United States without authority and was subsequently arrested in Michigan on May 23, 2014, after being involved in an auto accident. Gomez was charged with state offenses of operating a motor vehicle while intoxicated, failing to stop at a personal-injury accident, not having an operator's license, and impaired driving with a blood-alcohol level of .11%.

Shortly after his 2014 arrest, a federal indictment was returned, charging Gomez with being present in the United States illegally after having been previously deported and subsequent to an aggravated-felony conviction in violation of 8 U.S.C. §§ 1326(a), (b)(2). Gomez entered a guilty plea on June 30, 2014, to the state charge of impaired driving and was sentenced to 38 days in jail and fined $525 plus associated costs. Thereafter, on August 7, 2014, Gomez entered a guilty plea to the federal charge. He was later sentenced in the United States District Court for the Western District of Michigan to a below-guideline term of 36 months' imprisonment with no supervision to follow.

The issue presented by this appeal concerns whether Gomez's conviction under Michigan's statute prohibiting sexual penetration of a minor under sixteen years of age (i.e., third-degree criminal sexual conduct) is a crime of violence under § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines if there is less than a four-year age difference between the perpetrator and victim. Having consid-

of Kentucky, sitting by designation.

ered this issue in light of the plain language used by the United States Sentencing Commission, the history of the guideline provision, our prior precedent, and persuasive authority from other jurisdictions, we hold that a four-year age difference is not a prerequisite to finding that the offense constitutes a crime of violence. Therefore, we **AFFIRM** the judgment of the district court.

## I.

In October 2009, Gomez pleaded no contest to third-degree criminal sexual conduct under Mich. Comp. Laws § 750.520d(1)(a). [R. 22, ¶ 29, Page ID # 44–45; R. 26–1, Page ID # 106] This statute makes it illegal for an individual to "engage[ ] in sexual penetration with another person" if the "other person is at least 13 years of age and under 16 years of age." [*See* Record No. 26–1, Judgment.] Gomez was sentenced to a term of imprisonment of 3 to 15 years by the state court. [R. 26–1, Page ID # 106] He was removed from the United States after completion of his sentence in 2012. [R. 22, ¶ 7, Page ID # 42]

On May 23, 2014, Gomez was arrested in Lake City, Michigan on charges relating to an automobile accident and driving while intoxicated. [R. 22, ¶ 8, Page ID # 42] Several weeks thereafter, Gomez was indicted in the United States District Court for the Western District of Michigan for illegally re-entering the United States after having been convicted of an aggravated felony offense in violation of 8 U.S.C. §§ 1326(a), (b)(2). [R. 22, ¶ 2, Page ID # 42; R. 1, Page ID # 1] In August 2014,

Gomez pleaded guilty to the charge contained in the indictment without a plea agreement. [R. 14, Page ID # 20; R. 25]

The Presentence Investigation Report ("PSR") prepared by the United States Probation Office applied a sixteen-level enhancement for reentry following a crime of violence under § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines ("U.S.S.G.") due to Gomez's 2012 conviction. [R. 22, ¶¶ 17, 29, Page ID # 43–45] [1] Gomez objected to the sixteen-level enhancement, arguing that his conviction under Mich. Comp. Laws § 750.520d(1)(a) did not qualify as a crime of violence. [R. 22, Page ID # 50–51; R. 23, Page ID # 54] The district court overruled this objection and sentenced Gomez to 36 months' imprisonment, or 10 months below his nonbinding guideline range. [R. 28, Page ID # 111–12; R. 30, Page ID # 133]

## II.

Whether a prior crime qualifies as a crime of violence is a legal question that this court reviews de novo. *United States v. Denson,* 728 F.3d 603, 607 (6th Cir. 2013).

## III.

Gomez argues that the district court erred by: (i) relying on information in his PSR based on a document not approved under *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); (ii) impermissibly shifting the burden of proof for application of the enhancement from the government to Gomez; and (iii) finding that the Michigan statute constitutes a crime of violence under U.S.S.G.

---

1. The guidelines provide for a base offense level of eight for the offense of conviction. Gomez received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 21. [R. 22, ¶¶ 16–25, Page ID # 43–44] Gomez was placed in crimi-

nal history category III based on his prior convictions. [R. 22, ¶¶ 31–32, Page ID # 46] As a result, his nonbinding guideline range was 46 to 57 months. [R. 22, ¶ 50, Page ID # 47]

§ 2L1.2. However, this appeal turns on whether violation of Michigan's third-degree criminal-sexual-conduct statute qualifies as a crime of violence.[2]

A sixteen-level enhancement is applied "[i]f the defendant was previously deported ... after (A) a conviction for a felony that is ... (ii) a crime of violence" and the "conviction receives criminal history points under Chapter Four." U.S.S.G. § 2L1.2(b)(1). A "crime of violence" is:

> any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, **forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor,** robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)) (emphasis added).

Whether a conviction qualifies as a crime of violence under U.S.S.G. § 2L1.2 must be determined through what has become commonly known as the "categorical approach." *See United States v. Lara,* 590 Fed.Appx. 574, 576 (6th Cir.2014). Applying the categorical approach, the elements of the statute of conviction must be compared to the "generic" enumerated offense, or the "offense as commonly understood." *Descamps v. United States,* —— U.S. ——, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013). To qualify as a crime of violence under the categorical approach, the elements of the statute forming the basis of the defendant's prior conviction must be the "same as, or narrower than" the elements of the offense as it is commonly understood, or the "generic crime." *Id.;* see *United States v. McFalls,* 592 F.3d 707, 712–13 (6th Cir.2010); *Lara,* 590 Fed. Appx. at 576. The analysis is restricted to the elements of the statute, "even if the defendant actually committed the offense in its generic form." *Descamps,* 133 S.Ct. at 2283.

Mich. Comp. Laws § 750.520d(1)(a) states, in part, that:

> (1) A person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if any of the following circumstances exist:
>
> (a) That other person is at least 13 years of age and under 16 years of age.

As discussed below, while we have not addressed previously whether criminal sexual conduct in the third degree is a crime of violence under § 2L1.2, we have held that Michigan's statutes defining criminal sexual conduct in the second and fourth degrees are crimes of violence under the same guideline provision. *See United States v. Rojas–Carillo,* 159 Fed. Appx. 630 (6th Cir.2005) (holding that criminal sexual conduct in the fourth de-

---

**2.** To the extent that the district court relied on the PSR or other non-*Shepard* documents to determine that the sixteen-level enhancement under U.S.S.G. § 2L1.2 applied, the error was harmless. The district court's application of the sixteen-level enhancement may be affirmed on other grounds. *United States v. Richardson,* 510 F.3d 622, 628 (6th Cir.2007) ("It is well-established that this court 'may affirm on any grounds supported by the record, even though they may be different from the grounds relied on by the district court.'") (quoting *City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir.1994)); *see also United States v. Phillips,* 752 F.3d 1047, 1049 (6th Cir.2014) (citing *United States v. Gill,* 685 F.3d 606, 609 (6th Cir.2012)).

gree under Michigan law is a crime of violence for purposes of the sentencing enhancement); and *United States v. Gaytan*, 226 Fed.Appx. 519, 521 (6th Cir.2007) (holding that criminal sexual conduct in the second degree under Michigan law is a crime of violence for purposes of the sentencing enhancement). As this court noted in *Gaytan*, sex crimes against children qualify as crimes of violence, regardless of whether the use of force is an element. *Id.* at 521. Further, the United States Court of Appeals for the Fifth Circuit has held that Michigan's statute prohibiting criminal sexual conduct in the third degree constitutes a violent felony under § 2L1.2. *United States v. Ramos–Martinez*, 617 Fed.Appx. 287, 288 (5th Cir.2015) (citing *United States v. Rodriguez*, 711 F.3d 541 (5th Cir.2013)) (holding that a conviction for third-degree criminal sexual conduct under Mich. Comp. Laws § 750.520d(1)(a) satisfies the generic elements of sexual abuse of a minor and that the generic offense does not include a four-year age difference).

The government argues that this offense falls within the generic or commonly understood definition of the three enumerated sex offenses: (i) sexual abuse of a minor; (ii) statutory rape; and (iii) forcible sex offense, because the victim was incapable of giving consent, as a matter of law, due to her age. However, Gomez asserts that the statute does not qualify under U.S.S.G. § 2L1.2 because the generic crimes of sexual abuse of a minor and statutory rape require an additional element—an age difference of at least four years between the perpetrator and victim.[3] *See United States v. Gomez*, 757 F.3d 885, 904 (9th Cir.2014).

"[I]t is difficult, if not impossible, to identify an accurate set of discrete ele-

ments that define offense categories that do not have a generic structure that is rooted in common law." *Rodriguez*, 711 F.3d at 556 (finding that sexual abuse of a minor and statutory rape did not exist as common-law offenses); *see In re Esquivel–Quintana*, 26 I. & N. Dec. 469, 476–77 (BIA 2015) ("States categorize and define sex crimes against children in many different ways ... it is difficult, if not impossible, to determine whether a majority consensus exists with respect to the element components of an offense category or the meaning of those elements.") (internal quotations omitted). This difficulty is exacerbated in statutes defining sexual crimes against minors. *Rodriguez*, 711 F.3d at 557 (noting that courts vary widely in defining the elements and mens rea requirements of these statutes); *United States v. Rangel–Castaneda*, 709 F.3d 373, 377–78 (4th Cir.2013) (noting that thirty-two states and the District of Columbia set the general age of consent at sixteen years old, rather than eighteen). "Under early English common law, sexual relations with a child, no matter how young, was not regarded as rape if the child consented. However, an Early English statute made it a felony to have carnal knowledge with a child under the age of ten, with or without the child's consent." *Rodriguez*, 711 F.3d at 558 (quoting *Wayne R. LaFave*, Criminal Law, § 17.4(c) (5th ed.2010)).

Over time, statutes prohibiting sexual conduct with minors have become more common, but the elements of the crime, including the age of the victim, the type of conduct prohibited, and the mens rea required, have drastically varied. Thus, our task to distill the "generic" elements of the crime involving sexual contact with a minor becomes more challenging than distilling the elements for a common-law crime,

---

**3.** Gomez did not address whether the Michigan statute was a forcible sex offense in his opening brief and he did not file a reply brief with this court.

such as aggravated assault, kidnapping, and burglary. *See United States v. Rede-Mendez,* 680 F.3d 552, 556 (6th Cir.2012) (aggravated assault); *United States v. Soto-Sanchez,* 623 F.3d 317, 322–23 (6th Cir.2010) (kidnapping); *Lara,* 590 Fed. Appx. at 577–78 (burglary of a dwelling).

With this task in mind, we begin by noting that the traditional canons of statutory interpretation apply to the Sentencing Guidelines. *See United States v. Jackson,* 635 F.3d 205, 209 (6th Cir.2011). Thus, the court begins with the plain meaning of the words used. *United States v. Babcock,* 753 F.3d 587, 591 (6th Cir.2014). The language used in the Sentencing Guidelines is the " 'starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear.' " *Jackson,* 635 F.3d at 209 (quoting *United States v. Choice,* 201 F.3d 837, 840 (6th Cir.2000)).

The plain language of the statute states that a forcible sex offense (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced) qualifies as a crime of violence for purposes of U.S.S.G. § 2L1.2. Under Michigan law, a person under the age of sixteen is legally incapable of giving consent to sexual activity, including penetration, as outlined in Mich. Comp. Laws § 750.520d(1)(a). In Michigan, the age of consent for sexual conduct and/or penetration is sixteen years old. *See* Mich. Comp. Laws §§ 750.520b, *et seq.; People v. Nyx,* 479 Mich. 112, 734 N.W.2d 548, 565 (2007) ("One 'strict liability' offense that has been recognized by this Court for 85 years is the act of committing sexual penetration with a victim under the age of 16.") (Markman, J., concurring); *see Peo-*

*ple v. Adkins,* No. 257845, 2006 WL 142120, at *1 (Mich.Ct.App.2006) ("The sexual penetration of a minor between the ages of thirteen and sixteen is a strict liability offense.") (citing Mich. Comp. Laws § 750.520d(1)(a)); *People v. Apgar,* 264 Mich.App. 321, 690 N.W.2d 312, 323 (2004); *People v. Cash,* 419 Mich. 230, 351 N.W.2d 822, 828 (1984). Thus, where the victim has not reached the age of consent by the definition of the statute, the crime falls within the definition of a forcible sex crime because the victim's consent is legally invalid. *See United States v. Perez-Velasquez,* 67 Fed.Appx. 890, 892 (6th Cir. 2003) (Tennessee law).

At the time *Perez-Velasquez* was decided, the commentary to § 2L1.2 stated that "crime of violence" included "forcible sex offenses (including sexual abuse of a minor)." *Id.* at 892 (quoting U.S.S.G. § 2L1.2, comment (n.1 (B)(ii)) (2002)). We found that, "since a minor cannot give legal consent to sexual intercourse, that type of sexual abuse of a minor would involve force even where the minor purported to consent." *Id.* Thus, in the statute's plainest, most simple meaning, where consent cannot be legally provided, an offender has committed a forcible sex offense. The court noted that proposed Amendment 658 to § 2L1.2 bolstered its analysis. *Id.* at 892 n.1. This amendment, which became effective on November 1, 2003, included "statutory rape" and "sexual abuse of a minor" in the definition of crimes of violence.[4] *Id.* The amendment was intended to clarify the meaning of the term "crime of violence" by explicitly noting that the "enumerated offenses are always classified as 'crimes of violence,' regardless of whether the prior offense expressly has as an element the use, at-

---

4. Following the amendment, the relevant portion of the definition of "crime of violence" includes: "forcible sex offenses ... statutory rape, sexual abuse of a minor...." U.S.S.G. § 2L1.2, comment. (n.1 (B)(iii)).

tempted use, or threatened use of physical force against the person of another." U.S.S.G.App. C, Vol. II., Amendment 658, pp. 392–93.

Subsequent amendments to § 2L1.2 further demonstrate the Sentencing Commission's intent to broaden, rather than limit, the application of the definition of "crime of violence." In Amendment 722, the Sentencing Commission explicitly stated that "forcible sex offenses" include offenses "where consent to the conduct is not given or is not legally valid." U.S.S.G.App. C, Volume III, Amendment 722, p. 302. The Sentencing Commission intended to make it clear that where there is no legal consent, a forcible sex offense has occurred. *Id.* Given this history, the plain language in the application note to U.S.S.G. § 2L1.2 requires that a statute of conviction for sexual conduct where the individual was incapable of providing legal consent qualifies as a crime violence.

Gomez argues that statutory rape and sexual abuse of a minor include the additional element of an age difference between the perpetrator and victim. However, that element was not previously a part of the meaning of forcible sex offense. Thus, by arguing that statutory rape and sexual abuse of a minor include this additional element, Gomez contends that the Sentencing Commission intended to *narrow* the number of crimes that were considered "crimes of violence" when it added these offenses to the definition. But Gomez has not cited, and this court has not found, any authority suggesting that the Sentencing Commission intended to narrow the definition of crime of violence through Amendments 658 and 722.

Further, we have never required that to qualify as a forcible sex offense, statutory rape, or sexual abuse of a minor under § 2L1.2, a statute must include an age difference of any amount, as Gomez urges.

*See Rojas–Carillo,* 159 Fed.Appx. at 634–35; *Gaytan,* 226 Fed.Appx. at 521. Under Mich. Comp. Laws § 750.520c(1)(a), "[a] person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and ... [t]hat other person is under 13 years of age." As noted above, we have found that a conviction under this statute constitutes a violent felony under § 2L1.2. *Gaytan,* 226 Fed.Appx. at 521. Gaytan's conviction for touching the breast of a twelve-year-old girl, "[c]learly ... constituted sexual abuse of a minor, which is a crime of violence regardless of the fact that force is not an element." *Id.*

Likewise, we have found that fourth-degree criminal sexual conduct under Mich. Comp. Laws § 750.520e(1)(b), which provides that "[a] person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual conduct with another person" under certain circumstances, including "force or coercion," is a crime of violence. *See Rojas–Carillo,* 159 Fed.Appx. at 633. In *Rojas–Carillo,* we held that:

> any "sexual abuse of a minor" is considered to be an aggravated felony. 8 U.S.C. § 1101(a)(43)(A). Congress has defined the sexual abuse of a minor as "knowingly engag[ing] in a sexual act with another person who has attained the age of 12 years but not yet the age of 16 years" by a person "at least 4 years older" than the victim. 18 U.S.C. § 2243(a). Immigration law defines a "sexual act"—as opposed to a "sex act"—broadly. A sexual act need not involve force, nor even physical contact with the victim. The *key element* is that the perpetrator derive sexual gratification from a person *under the age of 16* through some misuse or maltreatment.

*Id.* at 634 (internal citations omitted) (emphasis added).

Based on the foregoing, we hold that Gomez's conviction under Mich. Comp. Laws § 750.520d(1)(a) of criminal sexual conduct in the third degree qualifies as a forcible sex offense and, thus, a crime of violence[5] under U.S.S.G. § 2L1.2. But that does not end our inquiry.

As noted above, there is no general consensus among courts about the generic elements of statutory rape or sexual abuse of a minor. Therefore, Gomez argues that this court should adopt the approach used by the Ninth Circuit in *United States v. Gomez*, 757 F.3d 885 (9th Cir.2014), which held that statutory rape required a four-year age difference. *Id.* at 904. The dissent also advocates adopting the *Gomez* approach of tallying the number of states that require a four-year age gap. But *Gomez* is flawed for several reasons.

First, Gomez erroneously presents its statistics to give the impression that a majority of states require a four-year age gap. Taking its counting exercise at face value, *Gomez* incorrectly focuses on states with *any* statutory-rape statute that has an age-gap requirement instead of those states all of whose statutory-rape statutes have one. *Id.* at 906–07. If "generic" statutory rape "roughly correspond[s] to the definitions of [statutory rape] in a majority of the States' criminal codes," *Taylor v. United States*, 495 U.S. 575, 589, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), then an age-gap requirement (let alone a four-year age-gap requirement) is an element of

statutory rape only if a majority of states require it for all statutory-rape convictions. *Gomez* does not reach that question.

Second, the relevant generic definition of statutory rape would be the one from 2003, when Amendment 658 added statutory rape as a "crime of violence," *id.* at 594, 110 S.Ct. 2143, not 2013, the year that *Gomez* examined, 757 F.3d at 906–08 nn. 22–32. And in 2003, twenty-four states had no age-gap requirement of any sort. *See* Asphar Glosser et al., The Lewin Group, *Statutory Rape: A Guide to State Laws and Reporting Requirements* 6–7, table 1 (2004) (prepared for the Office of the Assistant Secretary for Planning and Evaluation, Department of Health and Human Services).

In addition to these flaws, the approach used by the Ninth Circuit is difficult to apply to non-common law offenses. Further, the Ninth Circuit's reasoning was based, in part, on precedent relating to the age of the victim that does not apply in this circuit. *Id.* at 904, 908–09 (citing *United States v. Valencia–Barragan*, 608 F.3d 1103, 1107 (9th Cir.2010)) (relying on prior findings that "sexual contact with a victim under the age of fourteen is categorically 'abuse'" in the context of sexual abuse of a minor, and finding that statutory rape, which applies to victims between the ages of fourteen and sixteen, requires a four-year age difference).

5. We recognize that other courts have relied on the enumerated "statutory rape" or "sexual abuse of a minor" crime, rather than on the lack of consent described under "forcible sex offenses" in § 2L1.2. *Rangel–Castaneda*, 709 F.3d at 380 (noting that "the statutory rape provision in the crime-of-violence enhancement addresses precisely and specifically" the statute before it). Regardless of which specific phrase is relied upon, however, forcible sex offenses, statutory rape, and sexual abuse of a minor all qualify as crimes of violence. Further, several courts addressing this question have found that a statute can fall within both the generic offenses of sexual abuse of a minor and statutory rape. *Rodriguez*, 711 F.3d at 562. Thus, this court's conclusion that M.C.L. § 750.520d falls within the definition of a forcible sex offense does not prohibit it from falling within the generic definition of statutory rape or sexual abuse of a minor. It is simply unnecessary to reach that question today.

While we do not address the generic elements of statutory rape and sexual abuse of a minor today, we note that other courts to consider this question have not found that an age difference of any length, let alone the four-year age difference urged by Gomez, to be an element of the generic crime.[6] In a recent *en banc* decision, the Fifth Circuit rejected the argument advanced by Gomez. *Rodriguez*, 711 F.3d at 562 n. 28. After finding that statutory rape and sexual abuse of a minor were non-common-law offenses, the court concluded that the non-common-law crimes should be defined by their "common usage as stated in legal and other well-accepted dictionaries."[7] *Id.* at 544; *see also United States v. Zuniga–Galeana*, 799 F.3d 801 (7th Cir.2015) (the ordinary, contemporary, and common meaning of the word "minor" is one who has not reached the age of 18) (citing *United States v. Martinez–Carillo*, 250 F.3d 1101, 1103–05 (7th Cir.2001); *Black's Law Dictionary* (6th ed.1990)). Then, the elements of the state statute of conviction are compared with the generic meaning of the enumerated offense. *Id.* at 544.

Rodriguez appealed the application of a sixteen-level enhancement because the statute of conviction, Tex.Crim. Stat. § 22.011(a)(2), applied to a person who caused the penetration of a victim under seventeen years of age and required only a three-year age differential. *Rodriguez*, 711 F.3d at 544–45. Rodriguez argued that that the generic definitions of both sexual abuse of a minor and statutory rape "require that the victim be under sixteen years of age and that the defendant be at least four years older than the victim." *Id.* at 545. Using the plain-meaning approach, and relying on definitions of "minor" and "legal age" in commonly accepted dictionaries, that court held that "the meaning of 'minor' in 'sexual abuse of a minor'" is a "person under the age of majority," which is eighteen. *Id.* at 544, 548, 559–60. Further, "the age of consent for the purposes of 'statutory rape' is the age of consent as defined by statute in the jurisdiction where the prior conviction was obtained." *Id.* at 544, 548, 561. Within the framework set out in *Rodriguez*, third-degree criminal sexual conduct qualifies as a crime of violence under U.S.S.G. § 2L1.2. *See Ramos–Martinez*, 617 Fed. Appx. at 288. The approach used by the Fifth Circuit provides a common-sense and easily applied rule to reach a result consis-

**6.** The Board of Immigration Appeals (BIA) addresses "sexual abuse of a minor," as used in 8 U.S.C. § 1101(a)(43)(A), to determine whether a removable alien committed an aggravated felony for purposes of removal proceedings. *Uritsky v. Gonzales*, 399 F.3d 728, 729 (6th Cir.2005) (finding that guilty plea to third-degree criminal sexual conduct in violation of M.C.L. § 750.520d(1)(a) was sexual abuse of a minor requiring removal despite his designation as a "youthful trainee"); *In re Rodriguez–Rodriguez*, 22 I. & N. Dec. 991, 993–94 (BIA 1999) (en banc) (finding that the term "sexual abuse of a minor" encompasses indecency with a child under the age of 17 by exposure). The BIA recently *affirmed that no age difference is required where the statute applies to* victims under the age of sixteen, but found that offenses including "16– or 17–

year–olds must also contain a meaningful age differential to constitute 'sexual abuse of a minor.'" *In re Esquivel–Quintana*, 26 I. & N. Dec. at 475. The BIA reaffirmed that its approach is more similar to that of the Fifth Circuit in *Rodriguez* than the Ninth Circuit in *Gomez. Id.* ("We do not agree with the Ninth Circuit that a statutory rape offense only qualifies as sexual abuse of a minor if the victim is under the age of 16.") (internal quotation marks omitted).

**7.** The Fifth Circuit noted that the First, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits used similar approaches when addressing non-common law offenses. *Rodriguez*, 711 F.3d at 552.

tent with our holding today.[8]

## IV.

Gomez's conviction under Mich. Comp. Laws § 750.520d(1)(a), which prohibits sexual penetration with a person at least 13 years of age and less than 16 years of age, qualifies as a crime of violence. Accordingly, the sixteen-level enhancement to his guideline sentence under U.S.S.G § 2L1.2 was proper. We therefore **AFFIRM** the judgment of the district court.

KAREN NELSON MOORE, Circuit Judge, dissenting.

The sole issue in this appeal is whether Gomez's prior conviction for third-degree criminal sexual conduct under Michigan Compiled Laws § 750.520d(1)(a) is a conviction for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). This depends upon our application of the categorical approach.

Michigan law provides that "[a] person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and . . . [t]hat other person is at least 13 years of age and under 16 years of age." Mich. Comp. L. § 750.520d(1)(a). Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), a sixteen-level enhancement applies "[if] the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a crime of violence." Pursuant to the Sentencing Commission's application notes, a "crime of violence" includes "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory

rape, [and] sexual abuse of a minor." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii).

To determine whether Gomez's conviction for third-degree criminal sexual conduct is a conviction for a crime of violence, we apply the categorical approach, "compar[ing] the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps v. United States*, —— U.S. ——, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013). In deciding what are the elements of the generic crimes of statutory rape and sexual abuse of a minor, I would follow the approach of the U.S. Court of Appeals for the Ninth Circuit as outlined in *United States v. Gomez*, 757 F.3d 885 (9th Cir. 2014). Evaluating the Model Penal Code, federal law, and state laws, the Ninth Circuit concluded that the generic crimes of statutory rape and sexual abuse of a minor include a requirement of an age difference between the minor and the defendant of at least four years. Because the Michigan offense of third-degree criminal sexual conduct does not include a four-year age difference as a required element, the Michigan statute § 750.520d(1)(a) does not constitute the generic crimes of statutory rape or sexual abuse of a minor and thus does not qualify as a crime of violence under U.S.S.G. § 2L1.2.

The Ninth Circuit's approach comports with the preferred approach to analyze the generic definition of a crime as set forth by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 598 & n. 8, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and by this court, *see, e.g., United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir.2012). Although the majority suggests that it fa-

---

8. While a majority of this panel views favorably the approach taken by the Fifth Circuit in *Rodriguez,* it is not necessary to adopt that court's rationale to conclude that a violation

of Mich. Comp. Laws § 750.520d(1)(a) constitutes a crime of violence under U.S.S.G. § 2L1.2.

vors an alternative, the so-called "plain meaning approach" of the Fifth Circuit, *see United States v. Rodriguez,* 711 F.3d 541 (5th Cir.2013) (en banc), the majority explicitly states that it does not base its holding on such an approach.

The majority holds instead that violation of § 750.520d(1)(a) constitutes a "forcible sex offense[ ]" and therefore a crime of violence under U.S.S.G. § 2L1.2. The government did not present this contention in the district court, but first raised the argument in its appellate brief. The government now points to Amendments 658 and 722 which broadened the commentary to § 2L1.2. As the government and the majority observe, "crime of violence" includes "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, [and] sexual abuse of a minor." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii).

The purpose of the addition of the parenthetical after "forcible sex offenses" was to clarify that the use of force was not required in cases such as where assent was based on threats to reveal embarrassing secrets or exploitation of weakened victims. *See* U.S.S.G.App. C., Vol. III, Amd. 722, p. 302–03. The expanded definition of "forcible sex offenses" does not eliminate or subsume the separate role for statutory rape: where there is no valid legal consent because victim is under the age of sixteen, the elements of the generic crime of statutory rape must be present in order for the state statute to qualify as a crime of violence. Otherwise, the explicit listing of statutory rape would be mere surplusage. The Ninth and Fourth Circuits agree. *See, e.g., United States v. Caceres–Olla,* 738 F.3d 1051, 1055–56 (9th Cir.2013); *United States v. Rangel–Castaneda,* 709 F.3d 373, 380 (4th Cir.2013).

Under the majority's approach, a state statute that labels consensual sexual intercourse between two fifteen-year olds as "statutory rape" would qualify as a crime of violence under the commentary to § 2L1.2. That does not comply with my understanding of the Supreme Court's categorical approach, *see Taylor,* 495 U.S. at 598 & n. 8, 110 S.Ct. 2143, or with our approach, *see Rede–Mendez,* 680 F.3d at 556.

I would vacate the sentence that incorrectly applied § 2L1.2(b)(1)(A)(ii) and would remand for resentencing with the correct eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C).