15-1622-cr
United States v. Diaz-Turcios

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of April, two thousand sixteen.

PRESENT:   ROBERT D. SACK,
　　　　　　　REENA RAGGI,
　　　　　　　　　　　*Circuit Judges*,
　　　　　　　J. PAUL OETKEN,
　　　　　　　　　　　*District Judge*.[*]

------------------------------------------------------------------------
UNITED STATES OF AMERICA,
　　　　　　　　　　　*Appellee*,

　　　　v.　　　　　　　　　　　　　　　　　　　　No.　15-1622-cr

JOSE DE JESUS DIAZ-TURCIOS,
　　　　　　　　　　　*Defendant-Appellant*.
------------------------------------------------------------------------

APPEARING FOR APPELLANT:　　MOLLY CORBETT, Research & Writing Attorney (James Egan, Research & Writing Attorney, *on the brief*), *for* Lisa A. Peebles, Federal Public Defender, Albany, New York.

APPEARING FOR APPELLEE:　　PAUL D. SILVER, Assistant United States Attorney (Cyrus P. Rieck, Assistant United States Attorney, *on the brief*), *for* Richard S.

------

[*] The Honorable J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

1

Hartunian, United States Attorney for the Northern District of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 7, 2015, is AFFIRMED.

Defendant Jose de Jesus Diaz-Turcios stands convicted after a guilty plea of reentering the United States without consent of the Attorney General after removal, see 8 U.S.C. § 1326(a), (b)(2), and failing to register as a sex offender, see 18 U.S.C. § 2250. On appeal, he challenges the application of a sixteen-level U.S.S.G. § 2L1.2(b)(1)(A) sentencing enhancement for his second-degree rape conviction. See N.Y. Penal Law § 130.30(1) (providing that person is guilty of second-degree rape when, being at least eighteen years old, he or she engages in sexual intercourse with person less than fifteen years old); U.S.S.G. § 2L1.2(b)(1)(A) (providing for sixteen-level enhancement if defendant was previously deported after being convicted of felony that constitutes "crime of violence"); id. § 2L1.2 n.1(B)(iii) (defining crime of violence as, among other offenses, "statutory rape"). Specifically, he argues that the district court failed to employ a categorical approach to determine if the elements of that crime "are the same as, or narrower than, those of the generic offense" of statutory rape. Descamps v. United States, 133 S. Ct. 2276, 2281 (2013).

2

As an initial matter, we note that, at sentencing, Diaz-Turcios did not object to the applicability of a § 2L1.2(b)(1)(A) enhancement or raise the argument he here advances, i.e., that N.Y. Penal Law § 130.30(1) is broader than the generic definition of statutory rape because it does not include an element requiring a four-year age difference between the defendant and victim.[1]  In fact, Diaz-Turcios effectively conceded before the district court that his second-degree rape conviction constituted statutory rape for purposes of the § 2L1.2(b)(1)(A) enhancement.  See Appellant App'x 27 (describing prior crime as "statutory rape").  His concession is hardly surprising given that the underlying facts of his conviction indicate that he was some sixteen years older than his victim.  The government does not urge us to view this conduct as a true waiver of Diaz-Turcios's challenge on appeal, and thus we need not pursue that point here.  See United States v. Spruill, 808 F.3d 585, 596, 599 (2d Cir. 2015) (explaining that court lacks discretion to correct waived errors, and concluding that defendant waived challenge to inquiry and removal of juror where counsel "actively engaged in the matter and agreed to every action taken by the district court").  Nevertheless, Diaz-Turcios's failure to raise a § 2L1.2(b)(1)(A) challenge in the district court means we review only for plain error, which is not present here.  See United States v. Marcus, 560 U.S. 258, 262 (2010) (explaining that plain error requires showing of (1) error, (2) that is clear or obvious, (3) affecting substantial rights, and (4) calling into question fairness, integrity, or public

---

[1] N.Y. Penal Law § 130.30(1) requires a three-year difference as an element and provides an affirmative defense if the age difference is less than four years.

reputation of judicial proceedings); United States v. Gamez, 577 F.3d 394, 397 (2d Cir. 2009).

Even if Diaz-Turcios could show error, his argument fails at the second step of analysis because this court has never held that N.Y. Penal Law § 130.30 is not categorically statutory rape. Nor have we held that a four-year age gap is a requisite element of the generic offense of statutory rape—an issue on which our sister circuits are split. Compare United States v. Gomez, 757 F.3d 885, 906 (9th Cir. 2014) (concluding that four-year age difference is element of generic statutory rape), with United States v. Gomez, 628 F. App'x 400, 407 (6th Cir. 2015) (explaining that "there is no general consensus among courts about the generic elements of statutory rape," and identifying "flaws" in Ninth Circuit's definition in Gomez), and United States v. Rodriguez, 711 F.3d 541, 561 (5th Cir. 2013) (defining generic meaning of statutory rape as sexual intercourse with a person below statutory age of consent, without age-differential requirement). Thus, no binding precedent compels the conclusion that a § 2L1.2(b)(1)(A) enhancement is inapplicable to § 130.30 convictions because that offense is broader than the generic offense of statutory rape. See United States v. Whab, 355 F.3d 155, 158 (2d Cir. 2004) (holding that, in absence of binding precedent, "genuine dispute among the other circuits" precludes conclusion that any error is "plain"); see also United States v. Gamez, 577 F.3d at 400 (explaining that we will not identify plain error where "operative legal question is unsettled" (internal quotation marks omitted)); cf. United States v. Folkes, 622 F.3d 152, 158 (2d Cir. 2010) (identifying plain error in district court's conclusion that U.S.S.G. § 2L1.2(b) crime-of-violence enhancement

4

applied for convictions under N.Y. Penal Law §§ 140.20 and 265.02(4) where prior Second Circuit cases rendered it "obvious that neither [conviction] could qualify as a crime of violence for purposes of sentencing under" § 2L1.2(b)).  We therefore identify no plain error in the district court's conclusion that Diaz-Turcios's prior conviction warranted a sixteen-level U.S.S.G. § 2L1.2(b)(1)(A) statutory-rape enhancement because that ruling was not "contrary to law that was clearly established" either at the time of sentencing or at the time of appeal.  United States v. Irving, 554 F.3d 64, 78 (2d Cir. 2009).[2]  Insofar as Diaz-Turcios characterizes the district court's error as applying the sentencing enhancement based on the facts of his prior conviction, rather than the elements of § 130.30, we see no such error on our review of the transcript.

We have considered Diaz-Turcios's remaining arguments and conclude that they are without merit.  Accordingly, we AFFIRM the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] United States v. Banos-Mejia, 588 F. App'x 522 (9th Cir. 2014), on which Diaz-Turcios relies, warrants no different conclusion because it is not binding precedent in this circuit.

5